UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SERGIO GROBLER, Individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>INOTIV, INC., ROBERT W. LEASURE, and BETH A. TAYLOR,<br><br>   Defendants. | Case No.: 4:22-cv-00045-PPS-JEM<br><br>CLASS ACTION |

**MEMORANDUM IN SUPPPORT OF MOTION OF ROWENA OCHOA FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS ..........................................................................................................2

PROCEDURAL HISTORY .........................................................................................................3

ARGUMENT ................................................................................................................................4

    I.    APPOINTING MOVANT AS LEAD PLAINTIFF IS APPROPRIATE .....................4

        A.    The Procedural Requirements Pursuant to the PSLRA ...........................................4

        B.    Movant Is the "Most Adequate Plaintiff". ...............................................................5

            1.    Movant Has Complied with the PLSRA and Should Be Appointed Lead Plaintiff. ........................................................................................................5

            2.    Movant Has the Largest Financial Interest in the Action. ................................5

            3.    Movant Satisfies the Requirements of Rule 23. ...............................................6

                i.    Movant's Claims Are Typical of the Claims of All Class Members. ...............6

                ii.    Movant Will Adequately Represent the Class. ..........................................7

    II.    APPROVAL OF MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE. ............8

CONCLUSION .............................................................................................................................9

# **TABLE OF AUTHORITIES**

**Cases**

*Beck v. Maximus, Inc.*,
 457 F.3d 291 (3d Cir.2006) .................................................................................................. 7

*In re Cavanaugh*,
 306 F.3d 726 (9th Cir. 2002) ................................................................................................. 8

*City of Roseville Employees' Retirement System v. Horizon Lines Inc.*,
 No. 08-969, 2009 WL 1811067 (D. Del. June 18, 2009) ....................................................... 4

*Cohen v. U.S. Dist. Court for the Northern Dist. of Cal.*,
 586 F.3d 703 (9th Cir. 2009) ................................................................................................. 8

*Cortese v. Radian Group, Inc.*,
 No. 07-3375, 2008 WL 269473 (E.D. Pa. Jan. 30, 2008) ..................................................... 6

*Hassine v. Jeffes*,
 846 F.2d 169 (3d Cir.1988) ................................................................................................... 6

*In re Cendant Corp. Litig.*,
 264 F.3d 201 (3d Cir. 2001) ........................................................................................ 5, 6, 7, 8

*In re Herley Ind., Inc.*,
 No. 062596, 2010 WL 176869 (E.D. Pa. Jan. 15, 2010) ....................................................... 8

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*,
 148 F.3d 283 (3d Cir.1998) ................................................................................................... 7

**Statutes**

15 U.S.C. § 78u-4 ........................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23 ..................................................................................................................... 6

Rowena Ochoa ("Movant") hereby moves for an order: (1) appointing Movant as lead plaintiff in the Action pursuant to the Private Securities Litigation Reform Act of 1995 ("PLSRA"); and (2) approving Movant's selection of Levi & Korsinsky, LLP as Lead Counsel and RileyCate, LLC as Liaison Counsel.

## PRELIMINARY STATEMENT

This is a federal class action on behalf of persons or entities who purchased or otherwise acquired publicly traded Inotiv, Inc. ("Inotiv" or the "Company") securities between September 21, 2021 and June 13, 2022, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

The Action was filed against the Company, Robert W. Leasure ("Leasure"), and Beth A. Taylor ("Taylor"), (collectively "Defendants", and defendant other than the Company, "Individual Defendant"), and is pending in this Court. On June 23, 2022, the first notice that a class action had been initiated against Defendants was published on *Business Wire*, a widely circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as lead plaintiff no later than 60 days after the issuance of the notice. *See* Declaration of William N. Riley ("Riley Decl.") at Exhibit C. Movant has timely filed this motion and seeks appointment as lead plaintiff.

As described in the certification and loss chart attached to the Riley Decl. as Exhibits A and B, respectively, Movant has suffered losses of approximately $8,635.93 due to her purchases of Inotiv securities during the proposed Class Period. To the best of her knowledge, Movant sustained the largest loss of any investor seeking to be appointed as lead plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, Movant's certification also demonstrates her intent to serve as lead plaintiff in this litigation,

including her cognizance of the duties of serving in that role. Movant fully understands her duties and responsibilities to the Class and is willing and able to oversee counsel's vigorous prosecution of the Action. As a result, Movant satisfies the applicable requirements of both the PSLRA and Rule 23 of the Federal Rules of Civil Procedure. Movant is thus to be accorded a presumption of being the "most adequate plaintiff."

## STATEMENT OF FACTS[1]

Inotiv purports to be a contract research organization which provides nonclinical and analytical drug discovery and development services and research models and related products and services. ¶ 7. On September 21, 2021, the Company announced the acquisition of Envigo RMS, LLC ("Envigo"). *Id*. Inotiv completed the acquisition of Envigo on November 5, 2021 which is now a direct, wholly owned subsidiary of Inotiv. *Id*.

During market hours on September 21, 2021, the Company filed with the SEC a current report on Form 8-K which was signed by Defendant Taylor. ¶ 16. The Form 8-K included an investor presentation which touted Envigo and its animal services and abilities. *Id*.

The statements contained in ¶¶ 16-25 of the *Grobler* Complaint were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them. ¶ 26. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Envigo and Inotiv's Cumberland, Virginia facility (the "Cumberland Facility") engaged in widespread and flagrant violations of the AWA; (2) Envigo and Inotiv's Cumberland Facility continuously violated the AWA; (3) Envigo and Inotiv did not

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Grobler* Complaint") filed in the action styled *Grobler v. Inotiv, Inc., et. al.,* Case No. 4:22-cv-00045-PPS-JEM (the "*Grobler* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Grobler* Complaint. The facts set forth in the *Grobler* Complaint are incorporated herein by reference.

2

properly remedy issues with regards to animal welfare at the Cumberland Facility; (4) as a result, Inotiv was likely to face increased scrutiny and governmental action; (5) Inotiv would imminently shut down two facilities, including the Cumberland Facility; (6) Inotiv did not engage in proper due diligence; and (7) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times. *Id*.

On May 20, 2022, after market hours, the Company filed with the SEC a current report on Form 8-K which announced the search and seizure at the Cumberland Facility and the subsequent DOJ Complaint alleging violations of the Animal Welfare Act. ¶ 27. On May 21, 2022, Judge Moon of the United States District Court for the Western District of Virginia issued an amended temporary restraining order (issued ex parte). ¶ 28.

In response to this news, Inotiv's share price declined 28%, or $5.19 per share, to close on May 23, 2022 at $13.14 per share, the next trading day, on unusually heavy trading volume, damaging investors. ¶ 29.

After trading hours on June 13, 2022, the Company issued a press release entitled "Inotiv, Inc. Announces Site Closures and Consolidation Plans." ¶ 30.

On this news, Inotiv's share price dropped 2%, or $0.25 per share, to close on June 14, 2022 at $12.78 per share, further damaging investors. ¶ 31.

## PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Grobler* Action against the Defendants. Plaintiff Sergio Grobler ("Grobler") commenced the first-filed action on June 23, 2022. On that same day, counsel acting on Grobler's behalf published a notice on *Business Wire* announcing that

3

a securities class action had been initiated against the Defendants. *See* Riley Decl., Ex. C ("Press Release").

## ARGUMENT

I. **APPOINTING MOVANT AS LEAD PLAINTIFF IS APPROPRIATE**

    A. **The Procedural Requirements Pursuant to the PSLRA**

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions. *See* 15 U.S.C. § 78u-4(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *Business Wire* on June 23, 2022. *See* Riley Decl., Ex. C. This notice announced that applications for appointment as lead plaintiff had to be made within 60 days from that date. As the PSLRA notes, after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the Action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as lead plaintiff the movant or movants that the Court determines to be most capable of adequately representing the interests of Class Members. 15 U.S.C. § 78u-4(a)(3)(B)(i). This involves a two-step process. "First, [the Court should] identify a presumptive lead plaintiff, and second, [] determine whether the presumption has been rebutted." *City of Roseville Emples' Retirement Sys. v. Horizon Lines Inc.,* No. 08-969, 2009 WL 1811067, at *1 (D. Del. June 18, 2009). As indicated by the PSLRA:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—

4

      (aa) has either filed the complaint or made a motion in response to a notice...

      (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

      (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii).

### B. Movant Is the "Most Adequate Plaintiff".

#### 1. Movant Has Complied with the PLSRA and Should Be Appointed Lead Plaintiff.

Movant has met the requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) by timely filing a motion on August 22, 2022. Moreover, Movant has sustained a substantial loss from her investment in Inotiv securities and has shown a willingness to represent the Class. Movant has signed a certification detailing her transactions information during the Class Period. *See* Riley Decl., Ex. A. As demonstrated by this certification, Movant is prepared to consult with counsel on a regular basis prior to every major litigation event and direct the course of litigation with the benefit of counsel's advice.

In addition, Movant has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm résumés of proposed Lead Counsel Levi & Korsinsky, LLP and proposed liaison counsel of RileyCate, LLC are attached as Exhibit E to the Riley Declaration.

#### 2. Movant Has the Largest Financial Interest in the Action.

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. As demonstrated herein, Movant (with losses of approximately $8,635.93) has the largest known financial interest in the relief sought by the Class. *See* Riley Decl., Ex. B.

5

### 3. Movant Satisfies the Requirements of Rule 23.

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Of the four prerequisites to class certification outlined in Federal Rule of Civil Procedure 23 (*i.e.*, numerosity, commonality, typicality, and adequacy), only two – typicality and adequacy – are recognized by the Third Circuit as appropriate for consideration at this stage. *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). The Third Circuit further emphasizes that only a *prima facie* showing is required by Movant. *Id.* As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying her appointment as lead plaintiff.

#### i. *Movant's Claims Are Typical of the Claims of All Class Members.*

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other Class Members, and when the claims are based on the same legal theory. Put differently, the relevant inquiry is whether the circumstances of the movant or movants with the largest losses are "markedly different or the legal theory upon which the claims [] are based differ [] from that upon which the claims of other class members will perforce be based." *Cendant,* 264 F.3d at 265 (citing *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988)).

In this case, the typicality requirement is met because Movant's claims are identical, non-competing, and non-conflicting with the claims of the other Class Members. Movant purchased Inotiv securities during the Class Period when the stock prices were artificially inflated as a result of the fraudulent misrepresentations and omissions. Thus, Movant and all Class Members suffered

6

damages as a result of these purchases. Movant and the Class all (1) purchased Inotiv securities during the Class Period (2) at artificially-inflated prices as a result of the material misrepresentations and omissions, and (3) suffered damages thereby. *See Cortese v. Radian Group, Inc.*, No. 07-3375, 2008 WL 269473, at *2 (E.D. Pa. Jan. 30, 2008) ("Iron Workers and Ann Arbor satisfy the typicality requirement, because, like the other class members, they: 1) purchased Inotiv securities during the Class Period; 2) at prices that were allegedly artificially inflated by the defendants' materially false and misleading statements; and 3) suffered damages as a result.").

Although a movant or movants may be considered atypical if "subject to a unique defense that is likely to become a major focus of the litigation," *Beck v. Maximus, Inc.,* 457 F.3d 291, 301 (3d Cir.2006), Movant is not subject to any unique or special defenses. Movant thus satisfies the typicality requirement of Rule 23.

### ii. *Movant Will Adequately Represent the Class.*

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to whether: (1) there are any conflicts between the interests of the Movant and other members of the Class; (2) the Movant is an adequate representative of the Class; (3) Movant's interests are clearly aligned with the interest of members of the putative Class; and (4) there is evidence of any antagonism between their respective interests. 15 U.S.C. § 78u-4(a)(3)(B); *Cendant*, 264 F.3d at 265 (Courts should consider whether a movant or movants "has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.") (citation omitted); *In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 148

7

F.3d 283, 312 (3d Cir.1998) (looking to whether class counsel is qualified and there is an absence of conflicts between the representative and the class).

Movant's interests are clearly aligned with the members of the Class because her claims are identical to the claims of the Class. There is no evidence of antagonism between her interests and those of the proposed Class Members. Furthermore, Movant has a significant, compelling interest in prosecuting the Action to a successful conclusion based upon the large financial loss she has incurred as a result of the wrongful conduct alleged herein. This motivation, combined with Movant's similar interest with the members of the Class, clearly shows that Movant will adequately and vigorously pursue the interests of the Class. In addition, Movant has selected law firms that are highly experienced in successfully prosecuting securities class actions and other complex, federal litigation.

Therefore, because Movant not only meets both the typicality and adequacy requirements of Rule 23, but also has sustained the largest amount of losses, Movant is presumptively the most adequate plaintiff to lead the Action.

Moreover, Movant considers herself to be a sophisticated investor, having been investing in the stock market for 18 years. She resides in Austin, Texas, and possesses a Texas state insurance license, as well as college-level training in business management. Movant is currently employed as Client Manager/Account Executive at Optum Services. Further, Movant has experience overseeing attorneys, as she has hired attorneys for personal injury, family, and estate planning matters. Therefore, Movant will prosecute the Action vigorously on behalf of the Class. *See* Riley Decl., Ex. D, Movant's Declaration in support of her motion.

## II. APPROVAL OF MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE.

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*,

8

264 F.3d 201, 273-76 (3d Cir. 2001); *see also Cohen v. U.S. Dist. Court for the Northern Dist. of Cal.*, 586 F.3d 703, 710 (9th Cir. 2009) (noting that "the lead plaintiff, not the district court, selects lead counsel"); *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). "Unless a lead plaintiff's selection of counsel would fail to protect the interest of the class, a court should not interfere with the selection process." *In re Herley Ind., Inc.*, No. 06-2596, 2010 WL 176869, at *5 (E.D. Pa. Jan. 15, 2010).

Movant has selected Levi & Korsinsky, LLP as Lead Counsel and RileyCate, LLC as Liaison Counsel for the Class. These firms have not only successfully prosecuted complex securities fraud actions, but they have also successfully prosecuted many other types of complex class actions. *See* Riley Decl., Ex. E. Furthermore, these firms have continually invested time and resources in carefully investigating and prosecuting this case. The Court may be assured that the proposed lead and liaison counsel will provide the highest caliber of legal representation.

## **CONCLUSION**

For all of the foregoing reasons, Movant respectfully requests that the Court: (1) appoint Movant to serve as lead plaintiff in the Action; (2) approve Movant's selection of Levi & Korsinsky, LLP as Lead Counsel and RileyCate, LLC as Liaison Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

*[Signatures on Following Page]*

DATED: August 22, 2022                        Respectfully Submitted,

**RILEYCATE, LLC**

*/s/ William N. Riley*
William N. Riley
11 Municipal Drive, Suite 320
Fishers, Indiana 46038
Tel: (317) 588-2866
Fax: (317) 458-1785
Email: wriley@rileycate.com

*Proposed Liaison Counsel for Lead Plaintiff Movant and the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton (*pro hac vice* forthcoming)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Proposed Lead Counsel for Lead Plaintiff Movant and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such to all CM/ECF participants.

Dated: August 22, 2022

/s/ *William N. Riley*
William N. Riley