UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SERGIO GROBLER, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INOTIV, INC., ROBERT W. LEASURE, and BETH A. TAYLOR,<br><br>Defendants. | Case No: 4:22-cv-00045-PPS-JEM<br><br>**Judge Philip P. Simon**<br><br>**CLASS ACTION** |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SERGIO GROBLER TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL

Plaintiff Sergio Grobler ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)  appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of the publicly traded securities of Inotiv, Inc. ("Inotiv" or the "Company") between September 21, 2021 and June 13, 2022, both dates inclusive (the "Class Period"); and

(b)  approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel and Williams & Piatt, LLC ("WP Law") as Liaison Counsel for the putative class.

### INTRODUCTION AND BACKGROUND

On June 23, 2022, this case was filed against Inotiv, Robert W. Leasure, and Beth A. Taylor, by Movant, Rosen Law, and WP Law. That same day, Rosen Law issued an early notice pursuant to the PSLRA advising class members of, inter alia, the allegations and claims in the

1

complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Declaration of Brad A. Catlin filed herewith ("Catlin Decl.") Ex. 1.

Defendant Inotiv purports to be a contract research organization which provides nonclinical and analytical drug discovery and development services and research models and related products and services. On September 21, 2021, Inotiv announced the acquisition of Envigo RMS, LLC ("Envigo"). On November 5, 2021, Inotiv completed the acquisition of Envigo which is now a direct, wholly owned subsidiary of Inotiv.

The complaint alleges that Defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose: (1) Envigo RMS, LLC ("Envigo") and Inotiv's Cumberland, Virginia facility (the "Cumberland Facility") engaged in widespread and flagrant violations of the Animal Welfare Act ("AWA"); (2) Envigo and Inotiv's Cumberland Facility continuously violated the AWA; (3) Envigo and Inotiv did not properly remedy issues with regards to animal welfare at the Cumberland Facility; (4) as a result, Inotiv was likely to face increased scrutiny and governmental action; (5) Inotiv would imminently shut down two facilities, including the Cumberland Facility; (6) Inotiv did not engage in proper due diligence; and (7) as a result, defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

Then on May 20, 2022, after market hours, the Company filed with the SEC a current report on Form 8-K which announced the search and seizure at the Cumberland Facility and the subsequent United States Department of Justice complaint alleging violations of the Animal Welfare Act. On May 21, 2022, Judge Moon of the United States District Court for the Western District of Virginia issued an amended temporary restraining order (issued ex parte) which stated pertinent details regarding the Cumberland Facility. On this news, the Company's share price fell

$5.19 per share, or 28%, to close at $13.14 per share on May 23, 2022, the next trading day, on unusually heavy trading volume, damaging investors.

Then on June 13, 2022, after trading hours, Inotiv issued a press release entitled "Inotiv, Inc. Announces Site Closures and Consolidation Plans" which announced that Inotiv was closing two Envigo facilities, including the Cumberland Facility mere months after the acquisition.

On this news, the Company's share price fell $0.25 per share, or 2%, to close at $12.78 per share on June 14, 2022, further damaging investors. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

### I. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that it is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. See Catlin Decl. Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $1,914 in connection with purchases of Inotiv securities. *See* Catlin Decl. Ex. 3. Movant is not aware of any other movant that has suffered greater losses in Inotiv securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a prima facie showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a prima facie showing is required). At the lead plaintiff stage, "[a] wide-ranging analysis under Rule 23 is not appropriate and should be left for consideration of a motion for class certification. This inquiry, therefore, focuses on the qualities of the class representatives enumerated in [Rule] 23(a)(3) and 23(a)(4), that is, typicality and adequacy." *Mayo v. Apropos Tech., Inc.,* 2002 WL 193393, at *3 (N.D. Ill. Feb. 7, 2002) (citing *Lax.*, 1997 WL 461036, at *6).

#### 1. Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiffs' claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiffs' claims are based on the same legal theory. *See Mayo,* 2002 WL 193393 at *4; *In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002) (citations omitted). Rule

5

23 does not require the lead plaintiff to be identically situated with all class members. *Mayo,* 2002 WL 193393 at *4.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading and failing to disclose material statements about the Company's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2. Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between its claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Inotiv securities and is therefore, extremely motivated to pursue claims in this action.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff: (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against it that would render Movant inadequate to represent the Class.

Further, Movant is a sophisticated investor with over 40 years of investing experience. He is a resident of Florida and a retired importer and exporter of fabrics.

## II. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law Lead Counsel and WP Law as Liaison Counsel. The firms have been actively researching Movant's and the Class's claims, including filing this case, reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, Rosen Law has an extensive history bringing significant recoveries to investors and are experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in courts throughout the country. *See* Catlin Decl. Ex. 4.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable these two law firms to prosecute this action effectively and expeditiously. *See* Catlin Decl. Exs. 4 and 5. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff and of the Class; (2) approving Movant's selection of Rosen Law as Lead Counsel and WP Law as Liaison Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: August 22, 2022                              Respectfully submitted,


*/s/ Brad A. Catlin*
Brad A. Catlin, Atty. No. 21570-29
WILLIAMS & PIATT, LLC
1101 North Delaware Street
Indianapolis, IN 46202
317.633.5270
F: 317.426.3348
brad@williamspiatt.com

*[Proposed] Liaison Counsel for*
*Lead Plaintiff and Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (pro hac vice to be filed)
Laurence M. Rosen, Esq. (pro hac vice to be filed)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
           lrosen@rosenlegal.com

*[Proposed] Lead Counsel for*
*Lead Plaintiff and Class*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 22, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

      */s/ Brad A. Catlin*