# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| SERGIO GROBLER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>INOTIV, INC., ROBERT W. LEASURE, and BETH A. TAYLOR,<br><br>Defendants. | Case No. 4:22-cv-00045-PPS-JEM |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF COUNSEL**

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ..................................................................................... 1
II. SUMMARY OF THE ALLEGATIONS ........................................................................ 3
III. ARGUMENT .................................................................................................................. 5
    A. Oklahoma Police Is The "Most Adequate Plaintiff" And Should Be Appointed To Serve as Lead Plaintiff ........................................................................................................... 5
        1. Oklahoma Police Has Met The Procedural Requirements Of The PSLRA ............ 6
        2. Oklahoma Police Has The Largest Financial Interest ............................................. 6
        3. Oklahoma Police Satisfies The Requirements Of Federal Rule Of Civil Procedure 23 ............................................................................................................................. 7
            a) Oklahoma Police Claims Are Typical Of The Class ........................... 7
            b) Oklahoma Police Will Fairly And Adequately Represent The Interests Of The Class ................................................................................................. 8
    B. THE COURT SHOULD APPROVE OKLAHOMA POLICE'S CHOICE OF COUNSEL ................................................................................................................... 9
IV. CONCLUSION ............................................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*De La Fuente v. Stokely–Van Camp, Inc.*,
 713 F.2d 225 (7th Cir. 1983) ...................................................................................................7

*Greebel v. FTP Software, Inc.*,
 939 F. Supp. 57 (D. Mass. 1996) ..............................................................................................9

*Hedick v. Kraft Heinz Co.*,
 No. 19-CV-1339, 2019 WL 4958238 (N.D. Ill. Oct. 8, 2019) ..................................................9

*In re Groupon, Inc. Sec. Litig.*,
 No. 12 C 2450, 2012 WL 3779311 ......................................................................................7, 8

*Keele v. Wexler*,
 149 F.3d 589 (7th Cir. 1998) ....................................................................................................7

*Lipetz v. Wachovia Corp.*,
 No. 08 Civ. 6171(RJS), 2008 WL 4615895 (S.D.N.Y. Oct. 10, 2008) .....................................8

*Panasuk v. Steel Dynamics, Inc.*,
 No. 1:09-CV-66, 2009 WL 1505287 (N.D. Ind. May 27, 2009) ..............................................5

*Sakhrani v. Brightpoint*, Inc.,
 78 F. Supp. 2d 845 (S.D. Ind. 1999) .........................................................................................9

*Shah v. Zimer Biomet Holdings, Inc.*,
 No. 3:16-CV-00815-TLS-MGG, 2017 WL 1207158 (N.D. Ind. Apr. 3, 2017) ........................8

*Takara Tr. v. Molex Inc.*,
 229 F.R.D. 577 (N.D. Ill. 2005) ................................................................................................6

*Winn v. Symons Int'l Grp., Inc.*,
 No. IP 00-0310-C-B/S, 2001 WL 278113 (S.D. Ind. Mar. 21, 2001) .......................................7

**Statutes**

15 U.S.C. §78u 4(a)(3)(B)(iii)(II)(aa) ............................................................................................10

15 U.S.C. §78u-4(a)(3)(A)(i) ...........................................................................................................5

15 U.S.C. §78u-4(a)(3)(B) ...............................................................................................................5

15 U.S.C. §78u-4(a)(3)(B)(i) ...........................................................................................................5

15 U.S.C. §78u-4(a)(3)(B)(iii) ........................................................................................6

15 U.S.C. §78u-4(a)(3)(B)(iii)(I) ................................................................................2, 5

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc) ..............................................................................7

15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa)-(bb) .....................................................................5

**Other Authorities**

H.R. Rep. No. 104-369, at 34 (1995) (Conf. Rep.), as reprinted in 1995 U.S.C.C.A.N. 730, 733
 ........................................................................................................................2

S. Rep. No. 104-98, at *11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 (1995) ...................9

**Rules**

Federal Rule of Civil Procedure 23 ................................................................................4

**Docketed**

*In re 2008 Fannie Mae Sec. Litig.*,
 No. 08-civ-07831-PAC (S.D.N.Y) ..........................................................................10

*In re BP PLC Sec. Litig.*,
 No. 10-md-2185 (S.D. Tex.) ..................................................................................10

*In re IndyMac Mortgage-Backed Sec. Litig.*,
 No. 09-cv-04583-LAK (S.D.N.Y.) .........................................................................10

The Oklahoma Police Pension and Retirement System ("Oklahoma Police") respectfully submits this memorandum of law in support of its motion pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3) (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order: (1) appointing Oklahoma Police as Lead Plaintiff; and (2) approving its selection of Berman Tabacco as Lead Counsel for the Class and Cohen & Malad, LLP ("Cohen & Malad") as Liaison Counsel for the Class.

## I. PRELIMINARY STATEMENT

Presently pending before the Court is the above-captioned securities class action (the "Action"), brought on behalf of all persons or entities who acquired Inotiv, Inc. ("Inotiv" or the "Company") publicly traded securities between September 21, 2021, and June 13, 2022, inclusive (the "Class Period"), against the Company and certain of its executive officers, Robert W. Leasure ("Leasure") and Beth A. Taylor ("Taylor") (collectively, "Defendants"). The Action alleges that Defendants violated Sections 10(b) and 20(a) of the Exchange Act by issuing materially false and misleading statements and/or material omissions concerning the Company's business, operations, and regulatory compliance policies, specifically related to its acquisition of Envigo RMS, LLC ("Envigo") and the existence of widespread and flagrant violations of federal animal welfare regulations at an Envigo dog breeding facility located in Cumberland, Virginia that led the U.S. Department of Justice ("DOJ") to take action to rescue more than 4,000 animals and shutter the facility.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). *See* 15 U.S.C. §78u-

4(a)(3)(B)(iii)(I). Oklahoma Police believes that it is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff in this Action. As set forth in more detail below, Oklahoma Police has a significant financial interest in the relief sought in this Action, having purchased 71,189 shares of Inotiv common stock during the Class Period, for net expenditures of $1,335,514, and sustained losses of approximately $424,178 by virtue of its transactions in Inotiv securities during the Class Period.[1]

Moreover, in addition to asserting the largest financial interest in this litigation, Oklahoma Police readily satisfies the relevant requirements of Rule 23 because its claims are typical of all other members of the Class, and Oklahoma Police will fairly and adequately represent the Class. Indeed, Oklahoma Police, a sophisticated public pension fund with experience supervising the work of outside counsel, is precisely the sort of institutional investor that Congress envisioned would head up securities class actions when it enacted the PSLRA. *See* H.R. Rep. No. 104-369, at 34 (1995) (Conf. Rep.), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). In addition, Oklahoma Police has selected and retained Berman Tabacco, a law firm with significant experience in prosecuting securities fraud class actions, to serve as Lead Counsel for the Class.

Accordingly, Oklahoma Police respectfully requests that the Court appoint it to serve as Lead Plaintiff and approve its selection of Berman Tabacco as Lead Counsel and Cohen & Malad as Liaison Counsel.

---

[1] *See* Declaration of Patrick T. Egan in Support of the Motion of Oklahoma Police Pension and Retirement System for Appointment as Lead Plaintiff and Approval of Its Selection of Counsel ("Egan Decl."), filed as **Ex. A** hereto, at **Exhibits 2-3**.

## II.     SUMMARY OF THE ALLEGATIONS[2]

Inotiv is a contract research organization that provides nonclinical and analytical drug discovery and development services and research models, and related products and services. ¶7. Inotiv is incorporated in Indiana with its principal executive offices located in West Lafayette, Indiana. ¶8. The Company's stock trades on the Nasdaq Global Market ("NASDAQ") under the ticker symbol "NOTV." ¶8. At all relevant times, Defendant Leasure served as the Company's Chief Executive Officer, President, and Director, and Defendant Taylor served as the Company's Chief Financial Officer and Vice President of Finance. ¶¶9-10.

On September 21, 2021, Inotiv announced the acquisition of Envigo and, on that date, filed with the U.S. Securities and Exchange Commission a current report on Form 8-K which included, among other things, an investor presentation which touted Envigo and its "high-quality" animal services and abilities. ¶¶7, 16-17. The Action alleges that, during the Class Period, Defendants misled investors and thereby artificially inflated the price of Inotiv's securities by publicly issuing false and/or misleading statements and/or omitting to disclose material facts necessary to make Defendants' statements not misleading. Plaintiffs allege that Defendants made false and/or misleading statements and/or failed to disclose to investors that: (1) Envigo's and Inotiv's Cumberland, Virginia facility (the "Cumberland Facility") engaged in widespread and flagrant violations of the Animal Welfare Act ("AWA"); (2) the Cumberland Facility continuously violated the AWA; (3) Envigo and Inotiv did not properly remedy issues with regards to animal welfare at the Cumberland Facility; (4) as a result, Inotiv was likely to face increased scrutiny and governmental action; (5) Inotiv would imminently shut down two facilities, including the

---

[2] All references to the "Complaint" are to the Class Action Complaint, filed on June 23, 2022 (ECF No. 1), which is cited herein as "¶__."

Cumberland Facility; (6) Inotiv did not engage in proper due diligence; and (7) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times. ¶26.

The Action further alleges that news about these misleading statements and/or omissions started to be revealed through a series of public disclosures. ¶¶27-30. On May 20, 2022, Inotiv announced that, on May 18, 2022, the DOJ and other federal and state law enforcement agents executed a search and seizure warrant on the Cumberland Facility and that, on May 19, 2022, the DOJ filed a complaint against Envigo in the U.S. District Court for the Western District of Virginia alleging violations of the AWA. ¶27. On May 21, 2022, Judge Norman K. Moon of the United States District Court for the Western District of Virginia issued an amended temporary restraining order stating, in part, that that Government had provided sufficient evidence that "Envigo is engaged in serious and ongoing violations of the Animal Welfare Act" with respect to the lack of care provided to thousands of beagle puppies being raised at the Cumberland Facility that had persisted since at least July 2021. ¶28. On this news, the Company's share price fell $5.19 per share, or 28%, to close at $13.14 per share on May 23, 2022, the next trading day, on unusually heavy trading volume, damaging investors. ¶29.

On June 13, 2022, after trading hours, the Company issued a press release entitled, "Inotiv, Inc. Announces Site Closures and Consolidation Plans," announcing the closure of two Envigo facilities, including the Cumberland Facility and a rodent breeding facility in Dublin, Virginia, mere months after the Envigo acquisition. ¶30. On this news, the Company's share price fell $0.25 per share, or 2%, to close at $12.78 per share on June 14, 2022, further damaging investors. ¶31.

4

## III.     ARGUMENT

### A. Oklahoma Police Is The "Most Adequate Plaintiff" And Should Be Appointed To Serve as Lead Plaintiff

The PSLRA sets forth a procedure for the appointment of a lead plaintiff in class actions brought under the Exchange Act. 15 U.S.C. §78u-4(a)(3)(B); *Panasuk v. Steel Dynamics, Inc.*, No. 1:09-CV-66, 2009 WL 1505287, at *1 (N.D. Ind. May 27, 2009). First, within twenty days of filing a class action, the filing plaintiff must publish a notice advising putative class members of the pendency of the action, the claims asserted, the purported class period, and their right to move the court for appointment as lead plaintiff of the purported class within sixty days after publication of the notice. 15 U.S.C. §78u-4(a)(3)(A)(i).

Next, the PSLRA directs courts to consider all motions to serve as lead plaintiff filed by putative class members in response to the published notice. 15 U.S.C. §78u-4(a)(3)(B)(i). The Court shall appoint the presumptively most adequate plaintiff to serve as lead plaintiff and presumes that lead plaintiff is the person, entity, or group that: "(aa) has either filed the complaint or made a motion in response to a notice . . .; (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Panasuk*, 2009 WL 1505287, at *1. This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *Panasuk*, 2009 WL 1505287, at *2.

5

As set forth herein, Oklahoma Police satisfies the foregoing criteria and is thus entitled to the presumption that it is the "most adequate plaintiff" to represent the class, and should therefore be appointed Lead Plaintiff in this Action.

### 1. Oklahoma Police Has Met The Procedural Requirements Of The PSLRA

On June 23, 2022, counsel in the *Grobler* action published a notice over *PR Newswire* (the "Notice") pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, 15 U.S.C. §78u-4(a)(3)(A)(i), announcing that a securities class action had been filed against Defendants and advising investors in Inotiv securities that they had 60 days (until August 22, 2022) to move for appointment as Lead Plaintiff. *See* Egan Decl. **Ex. 1**.

Oklahoma Police has timely filed the instant motion within the 60-day deadline pursuant to the Notice and has attached a Certification attesting that it is willing to serve as a class representative for the Class and provide testimony at depositions and trial, if necessary. *See* Egan Decl. **Ex. 2**. Accordingly, Oklahoma Police has satisfied the first procedural requirement to serve as Lead Plaintiff for the Class.

### 2. Oklahoma Police Has The Largest Financial Interest

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). Although the PSLRA does not define the term "largest financial interest," courts often place the greatest emphasis on the approximate total losses suffered. *See Takara Tr. v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005).

During the Class Period, Oklahoma Police (i) purchased 71,189 shares of Inotiv common stock, (ii) expended net funds of $1,335,514 in connection with those purchases, and (iii) sustained approximate losses of $424,178. *See* Egan Decl. **Ex. C**. Oklahoma Police is not aware of any

other investor who intends to file a motion for appointment as Lead Plaintiff in this action that has suffered larger losses than Oklahoma Police. Accordingly, Oklahoma Police believes that it has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is therefore entitled to the presumption of being the "most adequate plaintiff."

### 3. Oklahoma Police Satisfies The Requirements Of Federal Rule Of Civil Procedure 23

The PSLRA requires that the movant with the largest financial interest must "otherwise satisfy[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "[A]t this stage of the litigation, the inquiry into whether Plaintiffs meet Rule 23 requirements is only preliminary" and is limited to whether the presumptive "most adequate plaintiff" has shown that it meets the Rule 23 requirements of typicality and adequacy. *Winn v. Symons Int'l Grp., Inc.*, No. IP 00-0310-C-B/S, 2001 WL 278113, at *5 (S.D. Ind. Mar. 21, 2001).

#### a) Oklahoma Police Claims Are Typical Of The Class

The typicality requirement is satisfied where a "plaintiff's claim … arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998) (quoting *De La Fuente v. Stokely–Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)). Oklahoma Police's claims are typical of those of other Class members because, like all other Class members, Oklahoma Police: (1) purchased Inotiv common stock during the class period; (2) at artificially inflated prices caused by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth of Defendants' misconduct was revealed. *See id.*; *In re Groupon, Inc. Sec. Litig.*, No. 12 C 2450, 2012 WL 3779311, at *3 (N.D. Ill. Aug. 28, 2012) (finding typicality requirement satisfied where there was no dispute that plaintiff's claims

were based on same legal theories and arose from same events and course of conduct giving rise to claims of other Class members). Accordingly, since Oklahoma Police's claims arise out of the same set operative facts and are based on the same legal theories as those of other Class members, the typicality requirement is satisfied.

### b) Oklahoma Police Will Fairly And Adequately Represent The Interests Of The Class

The adequacy requirement is met if the Lead Plaintiff will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A Lead Plaintiff meets this requirement "if (1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who be able to prosecute the litigation vigorously." *Shah v. Zimer Biomet Holdings, Inc.*, No. 3:16-CV-00815-TLS-MGG, 2017 WL 1207158, at *2 (N.D. Ind. Apr. 3, 2017) (quoting *In re Groupon*, 2012 WL 3779311, at *3).

Oklahoma Police's interests are perfectly aligned with the other members of the Class and are not antagonistic in any way. Indeed, Oklahoma Police has the same interest as all members of the Class: to maximize the recovery from the Defendants. Oklahoma Police has submitted a Certification declaring its commitment to protect the interests of the Class. *See* Egan Decl. **Ex. 2**. There are no facts that indicate any conflicts of interest between Oklahoma Police and the other Class members. Further, because of Oklahoma Police's substantial financial stake in the litigation, Class members can be assured that it has the incentive to vigorously represent their interests. *See Lipetz v. Wachovia Corp.*, No. 08 Civ. 6171(RJS), 2008 WL 4615895, at *3 (S.D.N.Y. Oct. 10, 2008) (noting institutional investor's "substantial financial stake in the litigation" suggests that it would vigorously prosecute claims on behalf of the class).

Indeed, Oklahoma Police is the paradigmatic lead plaintiff envisioned by Congress in its enactment of the PSLRA—a sophisticated institutional investor with a substantial financial interest in the litigation. *See* S. Rep. No. 104-98, at *11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 (1995) ("The Committee intends to increase the likelihood that institutional investors will serve as lead plaintiffs …"); H.R. Rep. No. 104-369, at *34, *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *Hedick v. Kraft Heinz Co.*, No. 19-CV-1339, 2019 WL 4958238, at *10 (N.D. Ill. Oct. 8, 2019) (noting the PSLRA reflects a "presumption that institutional investors be appointed lead plaintiff.") (quoting *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 63 (D. Mass. 1996)); *Sakhrani v. Brightpoint, Inc.*, 78 F. Supp. 2d 845, 850 (S.D. Ind. 1999) ("The PSLRA was enacted with the explicit hope that institutional investors . . . would step forward to represent the class and exercise effective management and supervision of the class lawyers.").

Additionally, Oklahoma Police has demonstrated its adequacy through its selection of Berman Tabacco as Lead Counsel for the proposed class. As discussed more fully below, Berman Tabacco is highly qualified and experienced in securities class action litigation and has repeatedly demonstrated its ability to prosecute complex class action litigation effectively and in a professional manner. Therefore, Oklahoma Police meets the Rule 23 adequacy requirement.

Taken together, Oklahoma Police meets the typicality and adequacy requirements of Rule 23 and should be appointed Lead Plaintiff.

### B. THE COURT SHOULD APPROVE OKLAHOMA POLICE'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. §78u-4(a)(3)(B)(v). Consistent with Congressional intent,

a court should not disturb the Lead Plaintiff's choice of counsel, unless it is "necessary to protect the interests of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see Shah*, 2017 WL 1207158, at *2 (explaining that courts review lead plaintiff's selection of counsel deferentially).

Here, Oklahoma Police has selected Berman Tabacco as Lead Counsel and Cohen & Malad as Liaison Counsel. Berman Tabacco is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous matters on behalf of investors throughout the United States as detailed in the firm's resume. *See* Egan Decl. **Ex. 4**. The firm has been ranked as a *Top Ten Plaintiffs'* firm by *Benchmark Litigation* for the past six consecutive years. *Id*. Since the passage of the PSLRA, Berman Tabacco has recovered billions of dollars on behalf of defrauded investors, including: *In re BP PLC Sec. Litig.*, No. 10-md-2185 (S.D. Tex.) (as co-lead counsel representing the Ohio Public Employees Retirement System, the firm reached a $175 million settlement); *In re IndyMac Mortgage-Backed Sec. Litig.*, No. 09-cv-04583-LAK (S.D.N.Y.) (as sole lead counsel representing the Wyoming State Treasurer and the Wyoming Retirement System, the firm reached settlements worth $346 million); *In re 2008 Fannie Mae Sec. Litig.*, No. 08-civ-07831-PAC (S.D.N.Y) (as co-lead counsel representing the Massachusetts Pension Reserves Investment Management Board, the firm achieved a $170 million settlement). Berman Tabacco has the skill and knowledge necessary to enable them to prosecute this action effectively and expeditiously. Further, Cohen & Malad, has extensive experience representing clients in class actions and complex litigation in this District, and is well qualified to serve in the role as Liaison Counsel on behalf of the Class. *See* Egan Decl. **Ex. 5** (firm resume of Cohen & Malad).

Thus, the Court may be assured that by approving Oklahoma Police's selection of Lead Counsel and Liaison Counsel, the Class will receive the best legal representation available. Accordingly, the Court should approve Oklahoma Police's selection of Lead Counsel and Liaison Counsel for the Class.

## IV. CONCLUSION

For the foregoing reasons, Oklahoma Police respectfully requests that the Court: (1) appoint Oklahoma Police to serve as Lead Plaintiff in this Action; and (2) approve Oklahoma Police's selection of Berman Tabacco as Lead Counsel and Cohen & Malad as Liaison Counsel for the Class.

DATED: August 22, 2022

**COHEN & MALAD, LLP**

*s/ Scott D. Gilchrist*
Scott D. Gilchrist, No. 16720-53
Richard E. Shevitz, No. 12007-49
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 214-0321
Facsimile: (317) 636-2593
Email: sgilchrist@cohenandmalad.com
　　　　rshevitz@cohenandmalad.com

*Proposed Liaison Counsel for the Proposed Class*

and

**BERMAN TABACCO**

Patrick T. Egan (*pro hac vice* forthcoming)
Steven J. Buttacavoli
Christina L. Gregg
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: pegan@bermantabacco.com
　　　　sbuttacavoli@bermantabacco.com
　　　　cgregg@bermantabacco.com

*Counsel for Movant Oklahoma Police Pension and Retirement System and Proposed Lead Counsel for the Proposed Class*

## **CERTIFICATE OF SERVICE**

I certify that on this 22nd day of August, 2022, a true and correct copy of the foregoing document was served on all counsel of record through the Court's CM/ECF system.

Dated: August 22, 2022

                                                    */s/ Scott D. Gilchrist*
                                                  Scott D. Gilchrist