UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| SERGIO GROBLER, Individually and on Behalf of All Others Similarly Situated, | : : : | No. 4:22-cv-00045-PPS-JEM |
| Plaintiff, | : : | MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF |
| vs. | : : | SELECTION OF LEAD COUNSEL |
| INOTIV, INC., et al., | : : | |
| Defendants. | : : : | |

4889-1488-8495.v1

**I.      INTRODUCTION**

This securities class action lawsuit was filed on June 23, 2022 on behalf of purchasers or acquirers of Inotiv, Inc. ("Inotiv" or the "Company") publicly traded securities between September 21, 2021 and June 13, 2022, inclusive (the "Class Period").  The Private Securities Litigation Reform Act of 1995 ("PSLRA") dictates that, in securities actions, the Court "shall appoint the most adequate plaintiff as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

The City of Pontiac Reestablished General Employees' Retirement System and the City of Pontiac Police and Fire Retirement System (collectively, the "Pontiac Retirement Systems") should be appointed lead plaintiff because they filed a timely motion, have a significant financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Pontiac Retirement Systems' selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel is reasonable and should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

**II.     FACTUAL BACKGROUND**

Headquartered in West Lafayette, Indiana, Inotiv purports to be a contract research organization which provides nonclinical and analytical drug discovery and development services and research models and related products and services.  On November 5, 2021, Inotiv completed the acquisition of Envigo RMS, LLC which is now a direct, wholly owned subsidiary of Inotiv.

The complaint alleges that, throughout the Class Period, defendants made materially false and/or misleading statements regarding the Company's business, operations, and prospects.  Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (i) Envigo and Inotiv's Cumberland, Virginia facility (the "Cumberland Facility") engaged in

- 1 -

widespread and flagrant violations of the Animal Welfare Act ("AWA"); (ii) Envigo and Inotiv's Cumberland Facility continuously violated the AWA; (iii) Envigo and Inotiv did not properly remedy issues with regards to animal welfare at the Cumberland Facility; (iv) as a result, Inotiv was likely to face increased scrutiny and governmental action; (v) Inotiv would imminently shut down two facilities, including the Cumberland Facility; (vi) Inotiv did not engage in proper due diligence; and (vii) as a result, defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On May 20, 2022, Inotiv announced the search and seizure at its Cumberland Facility and the filing of a United States Department of Justice complaint "alleging violations of the Animal Welfare Act at the Cumberland, Virginia facility." ECF 1 at ¶27. The following day, on May 21, 2022, Judge Moon of the United States District Court for the Western District of Virginia issued a temporary restraining order which stated the following pertinent details regarding the Cumberland Facility: "Over 300 beagle puppies have died onsite due to 'unknown causes' over seven months"; "[n]ursing female beagles were denied food, and so they (and their litters) were unable to get adequate nutrition"; "[o]ver an eight-week period, 25 beagle puppies died from cold exposure"; "[p]erhaps the most heinous discovery of the November 2021 inspection was that Envigo had allowed staff to euthanize dogs without anesthesia, in violation of the facility's own program of care"; and "[t]he Government contends that Envigo has consistently failed, despite repeated warnings and opportunities for correction, to meet its obligations under AWA's implementing regulations to provide adequate veterinary care . . . [b]ased on the overwhelming evidence produced by the Government, the Court agrees." *Id.* at ¶28. On this news, Inotiv's share price fell by approximately 28%.

Then, on June 13, 2022, Inotiv announced the closing of two Envigo facilities – the purpose-bred canine facility in Cumberland and a rodent breeding facility in Dublin – mere months after the acquisition. On this news, Inotiv's share price fell an additional 2%, further damaging investors.

As a result of defendants' alleged wrongful acts and omissions, and the decline in the market value of Inotiv's securities, the Pontiac Retirement Systems and other class members have suffered significant losses and damages.

### III. ARGUMENT

#### A. The Pontiac Retirement Systems Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Securities Exchange Act of 1934] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on June 23, 2022 via *Business Wire*. *See* Declaration of James A.L. Buddenbaum in Support of Motion for Appointment of Lead Plaintiff and Approval of Selection of Lead Counsel ("Buddenbaum Decl."), Ex. A

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The Pontiac Retirement Systems meet these requirements and should therefore be appointed Lead Plaintiff.

### 1. The Motion Is Timely

The June 23rd statutory notice published in this case advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff within 60 days, or August 22, 2022. *See* Buddenbaum Decl., Ex. A; 15 U.S.C. §78u-4(a)(3)(A). Because the Pontiac Retirement Systems' motion was timely filed by August 22, 2022, they are eligible for appointment as lead plaintiff.

### 2. The Pontiac Retirement Systems Have the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications and the accompanying loss chart, the Pontiac Retirement Systems have a significant financial interest stemming from the purchase of 4,908 shares of Inotiv during the Class Period, resulting in approximately $69,442 in losses as a result of defendants' alleged misconduct. *See* Buddenbaum Decl., Exs. B, C. To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Pontiac Retirement Systems satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. The Pontiac Retirement Systems Satisfy the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). "To be appointed Lead

Plaintiffs at this early stage of litigation, the Movants need only make a preliminary showing that they have satisfied the Rule 23(a) requirements of typicality and adequacy." *Shah v. Zimer Biomet Holdings, Inc.*, 2017 WL 1207158, at *2 (N.D. Ind. Apr. 3, 2017). "Claims are typical when they 'arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members.'" *Id.* ( citation omitted). A lead plaintiff satisfies the Rule 23(a)(4) adequacy requirement "'if (1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who be able to prosecute the litigation vigorously.'" *Id.* (citation omitted).

The Pontiac Retirement Systems satisfy both requirements. Indeed, their claims are typical of – if not identical to – the claims of the class as a whole. Like the purported class members, the Pontiac Retirement Systems: (1) purchased Inotiv securities during the Class Period; (2) were adversely affected by defendants' false and misleading statements and omissions; and (3) suffered damages thereby. In other words, the Pontiac Retirement Systems' claims arise from the same alleged misconduct and are based on the same legal theory as the claims of other class members.

The Pontiac Retirement Systems also satisfy the adequacy requirement. The Pontiac Retirement Systems have submitted sworn Certifications and a Joint Declaration confirming their willingness and ability to serve as lead plaintiff and their substantial financial losses will ensure vigorous advocacy. *See* Buddenbaum Decl., Exs. B, D. The Joint Declaration submitted in support of their lead plaintiff motion discusses, among other things, their commitment to oversee lead counsel and this litigation. And, as further detailed below and in their Joint Declaration, the Pontiac Retirement Systems retained qualified and experienced proposed lead counsel to vigorously prosecute the case on behalf of the class. *See* Buddenbaum Decl., Ex. D at ¶7.

Because the Pontiac Retirement Systems filed a timely motion, have a large financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that they are the "most adequate plaintiff."

>    B.    **The Court Should Approve the Pontiac Retirement Systems' Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Here, the Pontiac Retirement Systems have selected Robbins Geller to serve as lead counsel for the proposed class.

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class. With more than 200 attorneys in offices nationwide, Robbins Geller possesses substantial experience in complex securities litigation.[1] Courts in this Circuit and throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of securities class actions and other complex litigations. *See, e.g.*, *In re GoHealth, Inc. Sec. Litig.*, No. 1:20-cv-05593, ECF 61 (N.D. Ill. Dec. 10, 2020) (Coleman, J.) (appointing Robbins Geller attorneys as lead counsel in securities class action case); *Mortimer v. Diplomat Pharmacy Inc.*, 2019 WL 3252221, at *4 (N.D. Ill. July 19, 2019) (same).

For example, in *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 1:02-cv-05893 (N.D. Ill.), Robbins Geller, as sole lead counsel, obtained a record-breaking settlement of $1.575 billion after 14 years of litigation, including a 6-week jury trial in 2009 that resulted in a securities fraud verdict in favor of the class. The settlement is the largest ever following a securities fraud class action trial, the largest securities fraud settlement in the Seventh Circuit, and the seventh-

---

[1]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com. A hard copy of the Firm's resume is available upon the Court's request, if preferred.

largest settlement ever in a post-PSLRA securities fraud case. Judge Alonso, who presided over the action, stated that "[Robbins Geller] performed a very high-quality legal work in the context of a thorny case in which the state of the law has been and is in flux. They achieved an exceptionally significant recovery for the class. And the Court agrees . . . that it was, in fact, a spectacular result for the class." *Household*, No. 1:02-cv-05893, ECF 2261 at 65 (N.D. Ill. Oct. 20, 2016). Likewise, in *Silverman v. Motorola, Inc.*, 2012 WL 1597388, at *3 (N.D. Ill. May 7, 2012), *aff'd*, 739 F.3d 956 (7th Cir. 2013), Judge Amy J. St. Eve noted "[t]he representation that [Robbins Geller] provided to the class was significant, both in terms of quality and quantity." *Id*. Additionally, Robbins Geller has obtained the largest securities fraud class action recovery in the Fifth, Sixth, Eighth, Tenth, and Eleventh Circuits.[2]

As a result, the putative class's interests in this case will be well represented if the Court approves the Pontiac Retirement Systems' selection of Robbins Geller as Lead Counsel.

---

[2] *See In re Enron Corp. Sec.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

## IV. CONCLUSION

The Pontiac Retirement Systems satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, the Pontiac Retirement Systems respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Lead Counsel.

DATED: August 22, 2022

Respectfully submitted,

PARR RICHEY FRANDSEN
  PATTERSON & KRUSE, LLP
JAMES A.L. BUDDENBAUM (14511-49)


s/ James A.L. Buddenbaum
JAMES A.L. BUDDENBAUM

251 North Illinois Street, Suite 1800
Indianapolis, IN 46204
Telephone: 317/269-2500
317/269-2514 (fax)
jbuddenbaum@parrlaw.com

Local Counsel for Proposed Lead Plaintiff

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS (259916)
JENNIFER N. CARINGAL (286197)
MICHAEL ALBERT (301120)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 8 -

4889-1488-8495.v1

ASHERKELLY
CYNTHIA J. BILLINGS-DUNN
MATTHEW I. HENZI
25800 Northwestern Highway, Suite 1100
Southfield, MI  48075
Telephone:  248/746-2710
248/747-2809 (fax)
cbdunn@asherkellylaw.com
mhenzi@asherkellylaw.com

Additional Counsel for Proposed Lead Plaintiff

- 9 -

4889-1488-8495.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 22, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

    s/ James A.L. Buddenbaum
    JAMES A.L. BUDDENBAUM

    PARR RICHEY FRANDSEN
        PATTERSON & KRUSE, LLP
    251 North Illinois Street, Suite 1800
    Indianapolis, IN  46204
    Telephone:  317/269-2500
    317/269-2514 (fax)

    Email:  jbuddenbaum@parrlaw.com

4889-1488-8495.v1

# Mailing Information for a Case 4:22-cv-00045-PPS-JEM Grobler v. Inotiv, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Brad A Catlin**
  brad@williamspiatt.com,mary@williamspiatt.com,nancy@williamspiatt.com

- **Darren A Craig**
  dcraig@fbtlaw.com,jstickle@fbtlaw.com

- **Michael J Diver PHV**
  michael.diver@katten.com

- **Scott D Gilchrist**
  sgilchrist@cohenandmalad.com,khunley@cohenandmalad.com

- **Michael J Lohnes PHV**
  michael.lohnes@katten.com,ecf.docket@katten.com,rosie.gradilla@katten.com

- **William N Riley**
  wriley@rileycate.com,eamos@rileycate.com

- **Carrie Stickel PHV**
  carrie.stickel@katten.com,sara.crowley@katten.com,nicholas.crowe@katten.com,bora.ndregjoni@katten.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`