# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| SERGIO GROBLER, Individually and on Behalf of All Others Similarly Situated, | Case No. 4:22-cv-00045-PPS-JEM |
| Plaintiff, | |
| v. | |
| INOTIV, INC., ROBERT W. LEASURE, and BETH A. TAYLOR, | |
| Defendants. | |

## OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM'S OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF

Oklahoma Police Pension and Retirement System ("Oklahoma Police"), by and through its counsel, respectfully submits this opposition to the competing motions for appointment as Lead Plaintiff in the above-captioned action.

## I.    INTRODUCTION

Presently pending before the Court are four competing motions seeking appointment as Lead Plaintiff in the above-captioned action.[1]  Of the movants, Oklahoma Police has clearly demonstrated that it has the largest financial interest in this action.  During the Class Period, Oklahoma Police purchased 71,189 shares of Inotiv common stock at a net cost of $1,335,514 and sustained losses of approximately $424,178 on that investment.  *See* Decl. of Patrick T. Egan in Support of the Motion of Oklahoma Police Pension and Retirement System for Appointment as Lead Plaintiff and Approval of its Selection of Lead Counsel, ECF No. 21-1 ("Egan Decl."), at Ex. 3.  The next highest claimed loss was incurred collectively by Movant Waelter and Cavens, who claim losses of $126,736, which is *$297,442 less* than Oklahoma Police's losses. Accordingly, Oklahoma Police is the presumptive Lead Plaintiff under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(iii), and no other competing movant has provided the Court with the necessary proof to rebut that presumption, *see id*.  Oklahoma Police also satisfies the adequacy and typicality requirements of the PSLRA and thus is the "most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Moreover, Oklahoma Police is a public pension fund with experience

---

[1] Rowena Ochoa ("Ochoa," ECF Nos. 14-15); Oklahoma Police (ECF No. 20-21); City of Pontiac Reestablished General Employees Retirement System and City of Pontiac Police and Fire Retirement System ("City of Pontiac," ECF Nos. 22-24); and Fred Waelter and Chris Cavens (together, "Waelter and Cavens," ECF Nos. 26-28).  On August 31, 2022, Movant Ochoa filed a Notice of Non-Opposition to Competing Lead Plaintiff Motions (ECF No. 31) and, on September 6, 2022, Movant Waelter and Cavens filed a Notice of Non-Opposition to Competing Lead Plaintiff Motions (ECF No. 32), recognizing that they do not possess the largest financial interest in the relief sought by the class and stating that they do not oppose the competing lead plaintiff motions.  Another Movant, Sergio Grobler, withdrew his motion on September 6, 2022. *See* ECF Nos. 17-18, 33.

supervising the work of outside counsel and is precisely the type of institutional investor that Congress envisioned would lead securities class actions when it enacted the PSLRA. *See* H.R. Rep. No. 104-369, at 34 (1995) (Conf. Rep.), as reprinted in 1995 U.S.C.C.A.N. 730, 733; *Hedick v. Kraft Heinz Co.*, No. 19-CV-1339, 2019 WL 4958238, at *10 (N.D. Ill. Oct. 8, 2019) (noting the PSLRA reflects a "presumption that institutional investors be appointed lead plaintiff.") (quoting *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 63 (D. Mass. 1996)); *Sakhrani v. Brightpoint*, *Inc.*, 78 F. Supp. 2d 845, 850 (S.D. Ind. 1999) ("The PSLRA was enacted with the explicit hope that institutional investors . . . would step forward to represent the class and exercise effective management and supervision of the class lawyers."). Further, the Court should approve Oklahoma Police's selection of Berman Tabacco as Lead Counsel for the Class and Cohen & Malad as Liaison Counsel for the Class. Berman Tabacco has the skill and experience necessary to provide high-quality legal representation and effectively protect the interests of the Class and Cohen & Malad has extensive experience representing clients in class actions and complex litigation in this District. *See* ECF No. 21 at 10-11.

## II.    ARGUMENT

### A. Oklahoma Police Should be Appointed Lead Plaintiff Because it is the Most Capable of Adequately Representing the Interests of the Class

The PSLRA requires that courts appoint as Lead Plaintiff the movant who has the "largest financial interest" in the outcome of this litigation while also satisfying the typicality and adequacy requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Pursuant to the lead plaintiff selection process set forth in the PSLRA, there are three steps to be followed in identifying the lead plaintiff. First, the plaintiff who files the initial complaint must, within twenty days of filing, publish a notice informing potential class members of the pendency of the action and their right to seek appointment as the lead plaintiff. *See* 15 U.S.C. §

78u-4(a)(3)(A); *Panasuk v. Steel Dynamics, Inc.*, No. 1:09-CV-66, 2009 WL 1505287, at *1 (N.D. Ind. May 27, 2009); ECF No. 21 at 5-6.  There is no dispute that this requirement is met here. Second, the court "shall consider any motion made by a class member and shall then appoint as lead plaintiff, the movant that the Court determines to be most capable of adequately representing the interests of the class members."  *Panasuk*, 2009 WL 1505287, at *1; 15 U.S.C. § 78u-4(a)(3)(B)(i).  Third, the court is to consider whether any movant has provided proof to rebut the presumption that the movant with the largest financial interest is the most adequate plaintiff.  *See Panasuk*, 2009 WL 1505287, at *2; 15 U.S.C. § 78u-4(a)(3)(B)(iii).  Under this three-step analysis, Oklahoma Police should be appointed Lead Plaintiff.

   1.    **Oklahoma Police is the Presumptive Lead Plaintiff Because it Has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA creates a rebuttable presumption that the most adequate plaintiff is the movant who "has the largest financial interest in the relief sought by the class," and who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  Based on each movant's submissions, Oklahoma Police unquestionably has the largest financial interest of any of the competing movants:

| Movant | Claimed Losses |
|---|---|
| Oklahoma Police | $424,178 (LIFO/FIFO) |
| Waelter and Cavens | $126,736 (FIFO) |
| City of Pontiac | $69,443 (FIFO) |
| Ochoa | $8,636 (LIFO) |

Additionally, Oklahoma Police had the greatest Class Period expenditures, with net expenditures of $1,335,514 (compared to Waelter and Cavens's net expenditures of $791,642), and made more Class Period purchases, having purchased 71,189 shares of Inotiv common stock (compared to

3

City of Pontiac's purchase of 4,908 shares).  *See* Egan Decl. at Ex. 2; ECF Nos. 21, 23-24, 27-28.

Because Oklahoma Police has demonstrated that it has the largest financial interest in the case, it

is thus the presumptive Lead Plaintiff pursuant to the PSLRA.

> **2.      Oklahoma Police Satisfies the Requirements of Rule 23**

In addition to having the largest financial interest, Oklahoma Police also satisfies the

typicality and adequacy requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *Winn*

*v. Symons Int'l Grp., Inc.*, No. IP 00-0310-C-B/S, 2001 WL 278113, at *5 (S.D. Ind. Mar. 21,

2001) (noting inquiry is limited to whether "most adequate plaintiff" has shown that it meets the

Rule 23 requirements of typicality and adequacy).

Oklahoma Police is typical of the Class as a whole because it: (1) purchased Inotiv common

stock during the class period; (2) at artificially inflated prices caused by Defendants' materially

false and misleading statements and/or omissions; and (3) suffered damages when the truth of

Defendants' misconduct was revealed.  *See In re Groupon, Inc. Sec. Litig.*, No. 12 C 2450, 2012

WL 3779311, at *3 (N.D. Ill. Aug. 28, 2012) (finding typicality requirement satisfied where there

was no dispute that plaintiff's claims were based on same legal theories and arose from same

events and course of conduct giving rise to claims of other Class members).  Oklahoma Police is

likewise adequate as its claims are not antagonistic or in conflict with those of the class.  There are

no facts that indicate any conflicts of interest between Oklahoma Police and other Class

members.  Further, because of Oklahoma Police's substantial financial stake in the litigation, Class

members can be assured that Oklahoma Police has the incentive to vigorously represent their

interests. *See Lipetz v. Wachovia Corp.*, No. 08 Civ. 6171(RJS), 2008 WL 4615895, at *3

(S.D.N.Y. Oct. 10, 2008) (noting institutional investor's "substantial financial stake in the

litigation" suggests that it would vigorously prosecute claims on behalf of the class).

Further, Oklahoma Police is the paradigmatic lead plaintiff envisioned by Congress in its enactment of the PSLRA—a sophisticated institutional investor with a substantial financial interest in the litigation. *See* S. Rep. No. 104-98, at *11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 (1995) ("The Committee intends to increase the likelihood that institutional investors will serve as lead plaintiffs …"); H.R. Rep. No. 104-369, at *34, *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").

3.    **The Presumption that Oklahoma Police is the Most Adequate Plaintiff Has Not Been Rebutted.**

Once a movant establishes that it is the presumptive most adequate plaintiff, competing movants must present "proof" to rebut that presumption, including to show that the presumptive lead plaintiff is atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Because no movant has, or will be able to, submit the necessary proof to rebut the presumption that Oklahoma Police is the most adequate plaintiff, Oklahoma Police is entitled to appointment as Lead Plaintiff.

4.    **The Court Should Approve Oklahoma Police's Selection of Counsel**

As demonstrated in Oklahoma Police's opening papers, Berman Tabacco is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous matters on behalf of investors throughout the United States. Berman Tabacco will prosecute this Action effectively and expeditiously as Lead Counsel. *See* ECF No. 21 at 10-11. Moreover, Cohen & Malad, has extensive experience representing clients in class actions and complex litigation in this District, and is well qualified to serve in the role as Liaison Counsel on behalf of the Class. *See id.*

### III.    CONCLUSION

For the foregoing reasons, Oklahoma Police respectfully requests that the Court: (1) appoint Oklahoma Police to serve as Lead Plaintiff in this Action; and (2) approve Oklahoma Police's selection of Berman Tabacco as Lead Counsel for the Class and Cohen & Malad as Liaison Counsel for the Class.

DATED: September 6, 2022

**COHEN & MALAD, LLP**

*/s/ Scott D. Gilchrist*
Scott D. Gilchrist, No. 16720-53
Richard E. Shevitz, No. 12007-49
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 214-0321
Facsimile: (317) 636-2593
Email: sgilchrist@cohenandmalad.com
        rshevitz@cohenandmalad.com

*Proposed Liaison Counsel for the Proposed Class*

and

**BERMAN TABACCO**

Patrick T. Egan (*pro hac vice* forthcoming)
Steven J. Buttacavoli (*pro hac vice* forthcoming)
Christina L. Gregg (*pro hac vice* forthcoming)
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: pegan@bermantabacco.com
        sbuttacavoli@bermantabacco.com
        cgregg@bermantabacco.com

*Counsel for Movant Oklahoma Police Pension and Retirement System and Proposed Lead Counsel for the Proposed Class*

6

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 6th day of September, 2022, a true and correct copy of the foregoing

document was served on all counsel of record through the Court's CM/ECF system.

Dated: September 6, 2022

*/s/ Scott D. Gilchrist*
Scott D. Gilchrist
