UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| SERGIO GROBLER, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> INOTIV, INC., ROBERT W. LEASURE, and BETH A. TAYLOR, <br><br> Defendants. | ) ) ) ) ) ) ) Cause No. 4:22-CV-045-PPS-JEM ) ) ) ) ) ) |

**OPINION AND ORDER**

On June 23, 2022, Plaintiff Sergio Grobler commenced this putative class action against Defendants Inotiv, Inc., Robert W. Leasure, and Beth A. Taylor, alleging violations of the Securities Exchange Act of 1934. [DE 1.] Grobler claims that Defendants made various false or misleading statements or omissions concerning Inotiv's business, operations, and prospects in connection with the company's acquisition of Envigo RMS, LLC, and the "widespread and flagrant" violations of the Animal Welfare Act that were later discovered at its Cumberland, Virginia facility. *Id.*, ¶¶ 16–26. Defendants' statements or omissions allegedly caused investors who purchased Inotiv securities between September 21, 2021 and June 13, 2022, to suffer damages when the true details about the Cumberland facility emerged in the market, triggering a diminution in the value of the company's publicly traded shares. *See id.*, ¶¶ 27–32.

On the same date he filed his complaint, Grobler's counsel issued an early notice pursuant to the Private Securities Litigation Reform Act of 1995 (PSLRA), 15 U.S.C.

§ 78u–4(a)(3)(A)(i). [DE 18-2.] Publication of the required notice alerted other members of the putative class to the opportunity to seek appointment as lead plaintiff in the litigation. On August 22, 2022, Grobler and four other sets of interested parties—respectively, Movants Rowena Ochoa; the Oklahoma Police Pension and Retirement System (Oklahoma Police); the City of Pontiac Reestablished General Employees Retirement System and the City of Pontiac Police and Fire Retirement System (collectively, City of Pontiac); and Fred Waelter and Chris M. Cavens—filed motions seeking appointment as lead plaintiff(s) and approval of their proposed class counsel. [DE 17 (Grobler); DE 14 (Ochoa); DE 20 (Oklahoma Police); DE 22 (City of Pontiac); DE 26 (Waelter and Cavens).]

The queue has since dwindled. On August 31, Ochoa filed a notice of non-opposition to the competing motions. [DE 31.] On September 6, Waelter and Cavens did the same [DE 32], and Grobler filed a notice formally withdrawing his motion [DE 33]. On September 7, the City of Pontiac withdrew its motion, as well. [DE 35.] On September 8, Grobler filed a second notice seeking to voluntarily dismiss his claims without prejudice, noting that the class claims "will continue to be pursued by the lead plaintiff appointed pursuant to the PSLRA." [DE 36.]

The last contestant remaining is the Oklahoma Police Pension and Retirement System, which filed a response to the competing motions on September 6. [DE 34.] Based on the competing filings, Oklahoma Police asserts that it has "the largest financial interest in this action," having sustained losses of approximately $424,178 on its

2

investment in 71,189 shares of Inotiv common stock. *Id.* at 2. Its losses dwarf the next highest claimed loss incurred by a competing movant — by nearly $300,000. *Id.* Oklahoma Police requests appointment as lead plaintiff based on a statutory presumption that the party that has the largest financial interest should be appointed lead plaintiff in a securities class action. Adding to this, Oklahoma Police argues that no other movant has provided the Court with proof to rebut the applicable presumption; and it has further satisfied the adequacy and typicality requirements for appointment. *Id.* (citations omitted).

Under the PSLRA, federal district courts must consider a motion made by a purported class member in response to early notice required by the Act "[n]ot later than 90 days after the date on which a notice is published." 15 U.S.C. § 78u–4(a)(3)(B)(i). Unless more than one action has been filed on behalf of a class asserting substantially the same securities claims and a party has sought to consolidate those actions for pretrial purposes, I must promptly "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *Id.*; *id.* § 78u–4(a)(3)(B)(ii). The "most adequate plaintiff," in turn, must "select and retain counsel to represent the class," subject to the Court's approval of said counsel. *Id.* § 78u–4(a)(3)(B)(v).

The PSLRA requires me to "adopt a presumption that the most adequate plaintiff in any private action arising under [the Act]" is the party who: "(aa) either filed the complaint or made a motion in response to a notice"; "(bb) has the largest financial

3

interest in the relief sought by the class"; and "(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u–4(a)(3)(B)(iii)(I). While the Act does not define "largest financial interest," courts apply various factors to determine who fits the bill, including: "(1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." *Lax v. First Merch. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). As our sister court in the Northern District of Illinois has observed, "most courts simply determine which potential lead plaintiff has suffered the greatest total loss." *Takara Tr. v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005).

To overcome this presumption, a competing movant must demonstrate that the presumptively most adequate plaintiff: "(aa) will not fairly and adequately protect the interests of the class"; or "(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u–4(a)(3)(B)(iii)(II). If there are disputed facts bearing on whether a plaintiff is the "most adequate" class representative, movants may seek to discover relevant evidence; but such discovery first requires showing "a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class." *Id.* § 78u–4(a)(3)(B)(iv).

On the record presented, Oklahoma Police satisfies the criteria required to trigger the statutory presumption that it is the most adequate plaintiff to lead the class. Oklahoma Police made a motion in response to the PSLRA notice within the 60-day

4

deadline. [DE 20; DE 21.] Oklahoma Police has further demonstrated, both to the satisfaction of the competing movants and to the Court upon independent examination of its submissions, that it has the largest financial interest in the litigation. [DE 21 at 10–11; DE 21-3 at 4; DE 21-4 at 2; DE 34 at 4 (summarizing claimed losses in competing submissions); *see also* DE 15; DE 18; DE 23; DE 24; DE 27; DE 28; DE 31; DE 32; DE 33; DE 35.] From September 21, 2021 to June 13, 2022, Oklahoma Police purchased 71,189 shares of Inotiv common stock and sold 12,098 shares, racking up a net expenditure of $1,335,514 for 59,091 total shares with a value of $911,337 according to the average share price for the period June 14, 2022 to August 18, 2022. [DE 21-3; DE 21-4; DE 34 at 4–5.] Its estimated total loss comes out at $424,178 — over three times greater than the total loss of the next movant. Additionally, its net expenditures, number of shares purchased, net shares purchased lend further support to the finding that Oklahoma Police has the largest financial interest in the case.

      Oklahoma Police also satisfies the requirements of Federal Rule 23. *See* Fed. R. Civ. P. 23(a). The rule provides that a party may sue on behalf of all others similarly situated only if "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." *Id.* At this preliminary stage, a movant need only demonstrate that it satisfies "both the

typicality and adequacy requirements."[1] *See Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) (collecting cases); *see also Takara Tr.*, 229 F.R.D. at 580 ("Only two of the Rule 23 requirements pertain to representative plaintiffs: typicality and adequacy."); *Winn v. Symons Int'l Grp., Inc.*, No. IP 00-0310-C-B/S, 2001 WL 278113, at *5 (S.D. Ind. Mar. 21, 2001) (same).

    A proposed lead plaintiff's claims are typical if they arise from the "same event or practice or course of conduct that gives rise to the claims of other class members and . . . [its] claims are based on the same legal theory." *Takara Tr.*, 229 F.R.D. at 580 (quoting *De La Fuente v. Stokely–Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983), *overruled on other grounds by Green v. Mansour*, 474 U.S. 64 (1985)). Oklahoma Police has demonstrated that its claims are typical of the class as a whole, as it purchased Inotiv common stock during the class period at artificially inflated prices allegedly caused by Defendants' false or misleading statements or omissions regarding the Envigo acquisition and the unlawful practices later discovered at the Cumberland facility, and was harmed financially when the truth about the facility and Inotiv's related business prospects came to light in the marketplace. Its claims thus mirror those of the class as a whole.

    Adequateness under Rule 23(a)(4) requires a plaintiff to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Seventh Circuit has found that this standard is met where a lead plaintiff is represented by adequate counsel and

---

[1] "The fact that the court makes preliminary class certification findings of typicality and adequacy for the purposes of appointing a lead plaintiff does not preclude any party from contesting those, or any other, class certification requirements for the purpose of ultimate class certification in the future." *Gumm v. Molinaroli*, No. 16-CV-1093-PP, 2016 WL 6680462, at *4 n.8 (E.D. Wis. Nov. 14, 2016) (citation omitted).

the plaintiff's claims do not conflict with and are not antagonistic to the class. *Takara Tr.*, 229 F.R.D. at 580 (citing *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 598 (7th Cir. 1993)). Oklahoma Police's chosen counsel have relevant experience in class action litigation involving securities claims analogous to the ones at issue in this case. I have reviewed Berman Tabacco's firm resume [DE 21-5], and note the firm's depth of experience in complex class litigation, including numerous securities class actions. So, too, for Cohen & Malad, LLP [*see* DE 21-6 at 16–17], which has served as class counsel or co-lead counsel in several securities class actions in federal district courts around the country, including in the Southern District of Indiana.

      I am also persuaded that, as represented in its supporting declaration, Oklahoma Police's interests align with and are not antagonistic to the interests of other members of the proposed class. [*See* DE 21-3.] As previously summarized, the large financial interest Oklahoma Police has in this dispute gives it every incentive to vigorously represent the interests of the class. *Accord Sakhrani v. Brightpoint, Inc.*, 78 F. Supp. 2d 845, 850 (S.D. Ind. 1999) ("The PSLRA was enacted with the explicit hope that institutional investors, who tend to have by far the largest financial stakes in securities litigation, would step forward to represent the class and exercise effective management and supervision of the class lawyers.") (citations omitted).

      As previously noted, the PSLRA provides that the "most adequate plaintiff" is required to select and retain counsel to represent the class, "subject to approval of the court." 15 U.S.C. § 78u–4(a)(3)(B)(v). Oklahoma Police selected Berman Tabacco to serve

7

as lead counsel and Cohen & Malad, LLP to serve as liaison counsel for the class. Having concluded that the selected counsel will adequately represent the proposed class, *see supra* at 7, I will approve Oklahoma Police's selection of counsel.

**ACCORDINGLY:**

The Motion of Oklahoma Police Pension and Retirement System for Appointment as Lead Plaintiff and Approval of its Selection of Counsel [DE 20] is **GRANTED**. The competing motions [DE 14; DE 17; DE 22; DE 26] are **DENIED AS MOOT**.

Pursuant to 15 U.S.C. §§ 78u-4(a)(3)(B)(i) and (iii), Oklahoma Police Pension and Retirement System is hereby **APPOINTED** to serve as Lead Plaintiff. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), Berman Tabacco is **APPROVED** as Lead Counsel, and Cohen & Malad, LLP is **APPROVED** as Liaison Counsel, on behalf of the proposed class.

**SO ORDERED.**

ENTERED: September 12, 2022.

        /s/ Philip P. Simon
        PHILIP P. SIMON, JUDGE
        UNITED STATES DISTRICT COURT