## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| In re: INOTIV, INC. SECURITIES LITIGATION | Case No. 4:22-cv-00045-PPS-JEM |

### RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

The parties conferred via electronic mail and telephonic conference under Fed. R. Civ. P. 26(f) between April 9, 2024 and April 25, 2024, and agreed to this report on April 26, 2024. Representatives of Berman Tabacco participated as counsel of record for Lead Plaintiff, and representatives of Katten Muchin Rosenman participated as counsel of record for Defendants.

**1. Jurisdiction**

The court has jurisdiction under 28 U.S.C. § 1331 because Lead Plaintiff's claims arise under Sections 10(b), 14(a), and 20(a) of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78j(b), 78n & 78t(a), the "Exchange Act") and SEC Rules 10b-5 and 14a-9 promulgated thereunder (17 C.F.R. § 240.10b-5 & 17 C.F.R. § 240.14a-9).

**2. Pre-Discovery Disclosures**

The parties will exchange, but may not file, Rule 26(a)(1) initial disclosures by May 24, 2024.

**3. Discovery Plan**

The parties propose the following discovery plan.

    (a) Discovery will be needed on the following subjects, subject to the limitations set forth in the Court's March 29, 2024 Order:

    i. Whether any of the Defendants violated Sections 10(b), 14(a), or 20(a) of the Exchange Act, or SEC Rules 10b-5 and 14a-9 promulgated thereunder;

1

ii. Whether Defendants' statements issued during the putative class period were materially false or misleading (including whether any of those statements omitted material facts necessary in order to make the statements made, in light of circumstances under which they were made, not misleading);

iii. Whether Defendants omitted to disclose any information in the October 5, 2021 Definitive Proxy Statement and the documents incorporated by reference there to (the "Proxy") that was required to be disclosed pursuant to Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder;

iv. Whether any of the Defendants knew or recklessly disregarded that any of the alleged false statements were false and misleading for purposes of Lead Plaintiff's Section 10(b) claim;

v. Whether the price of Inotiv securities during the alleged class period was artificially inflated because of Defendants' alleged false or misleading statements;

vi. Whether the alleged false and misleading statements caused the losses suffered by Lead Plaintiff and the putative class;

vii. The extent of alleged damages sustained by class members and the appropriate measure of such alleged damages;

viii. Whether a class and/or classes should be certified pursuant to Fed. R. Civ. P. 23;

ix. Whether Defendants Leasure and Taylor qualify as control persons within the meaning of Section 20(a) of the Exchange Act;

x. Whether Lead Plaintiff and the members of the putative class are entitled to a presumption of reliance based upon the integrity of the market price of Inotiv's securities and market information relating to Inotiv;

xi. Whether Lead Plaintiff and the members of the putative class are entitled to a presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens the State of Utah v. United States*, 406 U.S. 128 (1972);

xii. Whether any Defendant is entitled to a due diligence defense, negative causation defense or any other affirmative defense;

xiii. Whether the market for Inotiv common stock was efficient; and

xiv. Whether Lead Plaintiff is an adequate class representative.

(b) The Parties believe a protective order is appropriate in this matter to ensure the confidentiality of sensitive information that may be produced by Parties and non-parties during the course of the litigation. The Parties are in the process of meeting and conferring regarding a protective order, which the Parties will submit to the Court for approval.

(c) With respect to the disclosure or discovery or electronically stored information ("ESI") in this litigation, the Parties are in the process of meeting and conferring regarding an ESI Protocol that will cover such topics as the format in which the Parties agree to produce ESI.

(d) The Parties propose that the last day to complete all discovery be January 22, 2026, subject to the following interim deadlines:

| Start of fact discovery | May 2, 2024 (Thursday) |
|---|---|
| Deadline for substantial completion of production of documents | January 20, 2025 (Monday) |
| Completion of fact discovery | August 7, 2025 (Thursday) |
| Opening expert report(s) (except for expert reports concerning class certification) | September 7, 2025 (Tuesday) |
| Rebuttal expert report(s) (except for expert reports concerning class certification) | November 7, 2025 (Friday) |

| | |
|---|---|
| Reply expert report(s) (except for expert reports concerning class certification) | December 22, 2025 (Monday) |
| Completion of expert discovery | January 22, 2026 (Thursday) |
| Close of All Discovery | January 22, 2026 (Thursday) |
| Bright Line Conference | January 29, 2026 (Thursday) |

(e) The Parties propose the following limitations on discovery:

    a. Maximum of 25 interrogatories by each party to any other party.

    b. Maximum of 25 requests for admission, other than requests for admission related to the authenticity or admissibility of documents, by each party to any other party.

    c. Maximum of 20 depositions, excluding experts (on either class certification or merits issues), by Lead Plaintiff and 20 by defendant(s).

    d. Each deposition, other than a deposition of an expert witness, is limited to a maximum of 7 hours unless extended by stipulation. Each expert witness deposition is limited to a maximum of 8 hours, unless extended by stipulation.

(f) The disclosure of the identity of any Rule 26(a)(2) witness and the witness's written report is addressed in the schedule provided above in subparagraph (d).

**4. Other Items**

(a) Class Certification

Lead Plaintiff seeks to have this action certified as a class action pursuant to Fed. R. Civ. P 23(a) and 23(b)(3). The parties' proposal for the timing of class certification briefing are set forth below.

| | |
|---|---|
| Motion for class certification to be filed and Lead Plaintiff's expert report on class issues to be served | January 6, 2025 (Monday) |

| | |
|---|---|
| Deposition of Lead Plaintiff's class certification expert to be completed | February 6, 2025 (Thursday) |
| Brief in opposition to motion for class certification to be filed and Defendants' expert report on class issues to be served | March 6, 2025 (Thursday) |
| Deposition of Defendants' expert to be completed | April 7, 2025 (Monday) |
| Reply brief in support of motion for class certification to be filed and Lead Plaintiff's rebuttal expert report to be served | April 21, 2025 (Monday) |
| Hearing on class certification | To be scheduled at the Court's discretion |

(b)     The last date that Lead Plaintiff may seek permission to join additional parties and to amend the pleadings is Monday, June 8, 2025, or approximately sixty (60) days before the close of fact discovery.

(c)     The last date the Defendant(s) may seek permission to join additional parties and to amend the pleadings is Monday, June 8, 2025, or approximately sixty (60) days before the close of fact discovery.

(d)     The last date for the filing of all motions for summary judgment or *Daubert* motions is Monday, February 23, 2026, or approximately thirty (30) days from the close of expert discovery. Oppositions to any such motions are due on or before April 23, 2026. Replies, if any, are due on or before June 8, 2026.

(e)     The time to file Rule 26(a)(3) pretrial disclosures will be governed by separate order.

(f)     The parties anticipate that, depending on the outcome of any dispositive motions, a trial of this matter will take approximately 14-21 days. The parties believe that a more accurate assessment of the timing and length of trial can be determined after the conclusion of discovery.

**5.    Proceeding Before Magistrate**

At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial and entry of judgment.

**6.    Alternative Dispute Resolution**

The Parties have not engaged in any mediation or other Alternative Dispute Resolution ("ADR") to date. The Parties agree that, while a private mediation may be a productive means of reaching a resolution of this action, mediation is premature at this time given that no discovery has been exchanged. However, the Parties are prepared to discuss mediation as soon as is practicable.

Dated: April 26, 2024

Respectfully submitted,

| | |
|---|---|
| /s/ Steven J. Buttacavoli | /s/ Michael J. Diver |
| Counsel for Lead Plaintiff | Counsel for Defendants |

**BERMAN TABACCO**
Patrick T. Egan (*pro hac vice*)
Steven J. Buttacavoli (*pro hac vice*)
Justin N. Saif (*pro hac vice*)
Christina L. Gregg (*pro hac vice*)
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: pegan@bermantabacco.com
   sbuttacavoli@bermantabacco.com
   jsaif@bermantabacco.com
   cgregg@bermantabacco.com

*Counsel for Lead Plaintiff Oklahoma Police Pension and Retirement System and Lead Counsel for the Proposed Class*

and

**KATTEN MUCHIN ROSENMAN LLP**
Michael J. Diver (*pro hac vice*)
Michael J. Lohnes (*pro hac vice*)
Carrie M. Stickel (*pro hac vice*)
Bora Ndregjoni (*pro hac vice forthcoming*)
525 West Monroe Street Chicago, IL 60661
Telephone: (312) 902-5200
Facsimile:(312) 902-1061
Email: michael.diver@katten.com
   michael.lohnes@katten.com
   carrie.stickel@katten.com
   bora.ndregjoni@katten.com

Sarah Eichenberger (*pro hac vice*)
50 Rockefeller Plaza
New York, NY 10020
Telephone: (212) 940-8800
Email: sarah.eichenberger@katten.com

| | |
|---|---|
| **COHEN & MALAD, LLP**<br>Scott D. Gilchrist, No. 16720-53<br>One Indiana Square, Suite 1400<br>Indianapolis, IN 46204<br>Telephone: (317) 214-0321<br>Facsimile: (317) 636-2593<br>Email: sgilchrist@cohenandmalad.com<br><br>*Liaison Counsel for Lead Plaintiff* | **FROST BROWN TODD LLC**<br>Darren A. Craig, Atty. No. 25534-49<br>111 Monument Circle, Suite 4500<br>Indianapolis, IN 46204<br>Tel.: (317) 237-3800<br>Fax: (317) 237-3900<br>Email: dcraig@fbtlaw.com<br><br>*Lead Counsel for Defendants Inotiv, Inc., Robert W. Leasure, Beth A. Taylor, John E. Sagartz, DVM, Ph.D., DACVP, and Carmen Wilbourn* |