UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

In re INOTIV, INC.                          )
SECURITIES LITIGATION,         )          CAUSE NO.: 4:22-CV-45-PPS-JEM

**PROTECTIVE ORDER**

This matter is before the Court on the Joint Motion for [Proposed] Stipulated Protective Order [DE 90], filed on July 11, 2024. The parties represent that they have agreed to a protective order and request that it be entered.

On review of the instant Motion and noting the agreement of the parties, the Court hereby **GRANTS** the Joint Motion for [Proposed] Stipulated Protective Order [DE 90] as modified and **ORDERS**:

**I.    Scope**

This Protective Order ("Order") shall govern the production and exchange of all discovery, including documents, deposition testimony, interrogatory answers, responses to requests for admissions, and other information produced, disclosed, given, or exchanged by and among the Parties and/or third parties (collectively "Producing Parties" or "Designating Parties") to another party or parties ("Receiving Parties") in the course of this action. Persons who are not Parties to this Action, but who are required to produce documents in response to a subpoena in connection with this Action, shall be entitled to invoke the provisions of this Order as if the non-party were a party to this Action.

**II.   Protected Material**

Materials designated as Confidential are collectively referred to herein as "Protected Material." The Parties may not designate as Protected Material any material which is available

to the public.

    **A.    Confidential Information**

The following categories of information may be designated "Confidential," provided that the information was maintained as confidential and the Producing Party has a legitimate interest in maintaining its confidentiality: (1) specific information that is protected from disclosure by statute; (2) information that reveals trade secrets; (3) research, technical, commercial, or financial information that the Producing Party has maintained as confidential; (4) medical information concerning any individual; (5) personal identity information; (6) personnel or employment records; or (7) information protected from disclosure by a contractual obligation. Information or documents that are available to the public may not be designated as Confidential, as set forth below.

**III.    Designation of Protected Material**

A Producing Party shall designate as "Confidential" only information, documents, or things or portions thereof that it reasonably and in good faith believes constitute or contain information that falls within this definition ("Confidential Information"). A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or

otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall not be applied to, and the restrictions set forth in this Order shall not apply to, any information or document that: (i) is already public knowledge or otherwise in the public domain at the time of disclosure; (ii) has become public knowledge or enters the public domain other than as a result of disclosure by any persons other than Receiving Parties or their agents or employees; (iii) has come or shall come into a Receiving Party's legitimate possession independently of the party or person seeking to designate information or documents as confidential in this action; or (iv) was independently developed by a Receiving Party.

Deposition testimony shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER only if so designated by the Parties within thirty (30) days after receipt of the final transcript. All depositions will be deemed to be Confidential until the expiration of the thirtieth day after counsel receives a copy of the final transcript thereof, after which time the deposition transcript will be treated in accordance with its confidentiality designation, if any.

The designation of a document as Confidential Information is a certification by an attorney that the document contains Confidential Information as defined in this Order. In addition, no party may move to modify or seek other relief from any of the terms of this Order without first conferring in good faith to resolve its needs or disputes with the other party(ies) pursuant to the terms of this Order and Northern District of Indiana Local Rule 37-1.

### IV.     Protections Afforded Protected Material

Protected Material shall be maintained in confidence by the persons to whom it is furnished and may be disclosed by those persons only to other persons entitled to have access to the Protected Material under the provisions of this Order. Any person who makes a disclosure of Protected Material permitted under this Order shall advise the person to whom Protected Material is to be disclosed of the contents of the Order in accordance with Section IV.C., below.

#### A.     Confidential Information

Confidential Information shall not be used or disclosed by the Parties, counsel for the Parties, or any persons set forth in IV.A.1-11, below, for any purpose whatsoever other than in this litigation, including any appeal thereof. In a putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class. If the Court certifies a class, counsel for the Receiving Parties may share Confidential Information with absent class members only with the consent of counsel for the Producing Parties or upon receiving a Court order authorizing sharing. Before any absent class member receives Confidential Information, the class member must first execute the Certificate of Consent to Be Bound by Protective Order. Materials designated "Confidential" shall not be given, shown, made available, communicated, or disclosed to anyone other than, to the extent necessary for this litigation.

The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth herein. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

4

1. **Counsel.** Counsel for the Parties and employees (and/or independent contractors) of counsel who have responsibility for the action;

2. **Parties.** Individual parties and employees of a Party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

3. **The Court and its Personnel;**

4. **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

5. **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

6. **Consultants and Experts.** Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action but only after those persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

7. **Witnesses at depositions.** Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential

Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

8. **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation);

9. **Insurance Companies or Indemnitors**. Any insurance companies or other indemnitors of Defendant(s) that are providing coverage for claims in this matter;

10. **Mediator or Settlement Officer**. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the Parties engaged in settlement discussions; and

11. **Others by Consent.** Other persons only by written consent of the Designating Party or upon order of the Court and on any conditions as may be agreed or ordered.

B. **Inadvertent Failure to Designate**

An inadvertent failure to designate a document as Protected Material does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a Party designates a document as Protected Material after it was initially produced, the receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No Party shall be found to have violated this Order for failing

6

to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

    **C.**    **Receipt of a Subpoena or Other Compulsory Process**

If any Receiving Party in possession of Confidential Information concludes that it has been compelled, by subpoena or other form of judicial or compulsory process, to disclose to any person other than to those to whom disclosure is permitted in Section IV.A, that person shall, as promptly as possible, and in any event at least fourteen (14) days prior to the disclosure (or within a time frame that is otherwise reasonable under the circumstances if the return date of the subpoena or other process required compliance in fewer than fourteen (14) days), provide written notice, and include a copy of the subpoena or request, to counsel for the Producing Party of its intention to disclose the Confidential Information. If the Producing Party seeks an order from a court or other authority precluding disclosure of Confidential Information, the Receiving Party shall not disclose the Confidential Information until the court or other authority has ruled on the Producing Party's request, so long as the Receiving Party does not violate any rule of the court or other authority with jurisdiction over the subpoena or document request by awaiting ruling on the Producing Party's motion.

    **D.**    **Filing of Protected Material**

This Order does not, by itself, authorize the filing of any document under seal. Any Party wishing to file any document, or any portion of a document, designated as Confidential Information in connection with a motion, brief, or other submission to the Court must comply with Federal Rule of Civil Procedure 5.2, Northern District of Indiana Local Rule 5-3, and the Court's CM/ECF User Manual. Where a Party seeks to file a document designated as

7

Confidential Information or a document containing information designated as Confidential Information, the filing Party, after a good faith meet and confer which does not resolve the issue of any possible redactions, may file a motion with the Court seeking to maintain the Confidential Information Under Seal (the "Motion to Seal").

## V.     Objections to Designations and Disclosure

The designation of any material or document as Confidential Information is subject to challenge by any Party. The following procedure shall apply to any challenge.

### A.     Meet and Confer

A Party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief, on a document-by-document basis, that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Designating Party must respond to the challenge within ten (10) days of meeting and conferring.

### B.     Judicial Intervention

A Party that elects to challenge a confidentiality designation after engaging, in good faith, in the meet and confer process, may file and serve a motion that identifies the challenged material on a document-by-document basis and sets forth in detail the basis for the challenge. Each motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any challenge proceeding shall be on the Designating Party. Until the Court rules on the

challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

VI.  **Action by the Court**

Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

VII.  **Use of Protected Material**

    A.  **Purposes for Which Protected Material May Be Used**

Documents designated as Protected Material, and any information derived therefrom, that are provided to the Parties and/or to any person(s) in Section IV.A.1-11, shall be used solely for the preparation, trial, appeal, mediation and/or settlement of this action. All compilations, notes, copies, electronic images, or databases containing information designated as Protected Material shall be subject to the terms of this Order to the same extent as the Protected Materials themselves. The foregoing shall not apply to information that is or becomes part of the public record without violation of this Order.

    B.  **Use of Protected Materials in Pleadings or Other Submissions**

This Order does not authorize a Party to file or maintain a document under seal. Any Party that seeks to file any document, or any portion of a document, under seal, and any Party that opposes its maintenance under seal, must comply with Northern District of Indiana Local Rule 5-3 and the provision of Section IV(D) of this Order.

    C.  **Right to Public Challenge**

Nothing in this Order shall prohibit an interested member of the public from challenging

the confidentiality of any document filed under seal with this Court. A Party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999).

### D. Use of Protected Material at Trial or Hearings

This Order shall not prevent any Protected Material from being used by the Court or counsel at any hearing in this action, or from being offered and received into evidence at trial, provided that the use is made only in accordance with appropriate procedures as may be approved by the Court. The Parties shall confer to reach agreement regarding the procedures to be recommended to the Court. A Party's agreement with a Designating Party's proposed redactions for the purpose of filing redacted versions of documents or briefs pursuant to Section IV(D) herein shall not constitute a waiver of any rights concerning the use or treatment of any Documents or information at any hearing or trial.

## VIII. Use by Persons Producing the Protected Material

Nothing in this Order is intended to limit the rights of any party from which Protected Material has originated to use its own Protected Material in any way the party sees fit. Nothing in this Order shall prevent a Producing Party from disclosing its own Protected Material.

## IX. Privilege

The production of documents protected by the attorney-client privilege, the work product protection, or any other applicable privileges, immunities, or protections shall not constitute a waiver of any privilege or protection in this action or in any other federal or state proceedings, or proceedings before any other tribunal. This Order shall be interpreted to provide the maximum

protection allowed by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b) will not apply to documents subject to Rule 502(b) clawbacks. Paragraphs (a) and (b) below shall govern the clawback of documents in this action.

    (a) If any Party or nonparty discloses information that it later identifies as subject to a claim of attorney-client privilege, work product protection, or any other applicable privilege or immunity to another party, and the Producing Party seeks to claw the information back based on a claim of privilege, the Receiving Party shall (i) refrain from any further examination or disclosure of the information; and (ii) within seven (7) business days, return or destroy all copies of the information, and provide a certification to counsel that all information, including copies, summaries, and excerpts of the information, has been returned or destroyed.

    (b) A Party objecting to a clawback may move the Court for an order compelling production of the disclosed information; however, while the motion is pending, the information in question shall be treated as privileged, and the motion may not assert as a ground for entering an order the fact or circumstance of the production, nor shall the motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the disclosed information (or any part thereof) that is the subject of the motion other than to submit the disclosed information for *in camera* review.

## X.    Obligations on Conclusion of Litigation

### A.    Order Continues in Force

Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

### B.    Obligations at Conclusion of Litigation

Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, a Receiving Party shall destroy all Confidential Information and documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order, including copies, unless the document has been offered into evidence or filed without restriction as to disclosure.

### C. Retention of Work Product and one set of Filed Documents

Notwithstanding the above requirements to destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

## XI. No Prior Judicial Determination

This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until the time that the Court may rule on a specific document or issue.

## XII. Modifications

The terms of this Order are subject to modification, extension, or limitation as agreed to by all Parties in writing, provided that all Parties join in, and the Court approves, any modification, extension, or limitation.

## XIII. Nature of Order and Jurisdiction

This Order shall, absent written consent of the Parties hereto, continue to be binding after the conclusion of this action. After the conclusion of this action, the Parties may bring an action to enforce this order only in a state or federal court of competent jurisdiction within the Northern District of Indiana.

SO ORDERED this 15th day of July, 2024.

                                          s/ John E. Martin
                                          MAGISTRATE JUDGE JOHN E. MARTIN
                                          UNITED STATES DISTRICT COURT

cc:     All counsel of record

ATTACHMENT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| In re INOTIV, INC. ) | |
| SECURITIES LITIGATION, ) | CAUSE NO.: 4:22-CV-45-PPS-JEM |

**CERTIFICATE OF CONSENT TO BE BOUND BY PROTECTIVE ORDER**

     I hereby acknowledge that I have read the Protective Order entered by the Court in the above-captioned action, understand the terms of the Protective Order, and agree to be bound by its terms.

     I will hold in confidence and not disclose to anyone not authorized under the Protective Order any Protected Material disclosed to me. I further agree that neither I nor anyone assisting me will use or rely on Protected Material disclosed to me for any purpose not authorized under the Protective Order. Without limiting the generality of this paragraph, I understand that it would be improper to use or rely on Protected Material in connection with my own research or in connection with any consulting for third parties.

     At the conclusion of this case, I will return all Protected Materials which came into my possession, and documents or things which I have prepared relating thereto, to counsel for the party who provided the Confidential Information to me. As an alternative to returning Protected Material, I will destroy all materials and certify that all Material has been destroyed.

     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case. I understand that violation of the Protective Order may be punishable by contempt of Court.

DATED:_____   _____
                                                                               Signature

_____
Printed Name

_____
Address

_____
City, State, ZIP Code