UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| In re: INOTIV, INC. SECURITIES LITIGATION | Case No. 4:22-cv-00045-PPS-JEM |

**JOINT MOTION TO STAY DISCOVERY AND OTHER PROCEEDINGS**

1. The Parties in the above-captioned action (the "Action") hereby file this Joint Motion to Stay Discovery and Other Proceedings. As grounds therefor, the Parties state as follows:

2. On April 29, 2024, the Court issued a Scheduling Order establishing certain case management deadlines and otherwise approving and adopting all other dates and deadlines through the close of discovery set forth in the Rule 26(f) Report of Parties' Planning Meeting. ECF No. 82. On December 9, 2024, the Court issued an Order amending the Scheduling Order (the "Amended Scheduling Order"). ECF No. 95.

3. The original Scheduling Order required the Parties to conduct a mediation, imposing a deadline of January 6, 2025 to select a mediator, and a deadline of January 22, 2026 to complete mediation and file a report with the Court. ECF No. 82.

4. Consistent with the Scheduling Order, the Parties attended an in-person mediation on February 24, 2025. Although this Action did not settle during the mediation, the Parties wish to continue exploring a resolution short of trial. However, there remain certain issues that the Parties must address before any such resolution can be reached. Accordingly, the Parties jointly seek a three-month stay of all pending discovery and other deadlines so that the Parties may focus their efforts on resolving these outstanding issues.

5.     District Courts have inherent power to stay proceedings based upon principles of fairness and judicial economy. *Barney v. Zimmer Biomet Holdings.*, 2018 WL 11407332, at *2 (N.D. Ind. Aug. 21, 2018). In determining whether to grant a stay, courts may consider a number of factors, including: "(i) whether a stay will unduly prejudice" either party, "(ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Id.*

6.     The Parties respectfully submit that good cause exists to grant a temporary stay of proceedings for at least three reasons. First, neither Party will be prejudiced by a temporary stay. To the contrary, a temporary stay will enable the Parties to conserve their respective resources while continuing to explore a resolution short of trial. Second, a stay promotes judicial economy by reducing the burden on this Court. Third, the Parties are acting with diligence in filing this joint motion well before the existing deadlines come to pass. *See Saratoga Potato Chips Co. v. Classic Foods, Inc.*, 2014 WL 2930495, at *3 (N.D. Ind. June 27, 2014) (describing good cause analysis as including consideration of whether, unlike here, a party is acting with a "dilatory motive" or to engage in "undue delay") (internal citation omitted).

7.     The Parties therefore respectfully request a three-month stay of all discovery and other pending deadlines in this Action. For avoidance of doubt, Defendants shall not be obligated to respond to Plaintiff's Motion for Class Certification [ECF No. 96] during the pendency of the stay. Within fourteen days of the stay expiring, the Parties shall provide a joint status update to the Court. If the case has not settled by the time that the Parties file their status update, the Parties may either request that the Court extend the stay or request that the Court set new deadlines for actions affected by the stay, including, without limitation, Defendants' response to Plaintiff's Motion for Class Certification.

WHEREFORE, the Parties jointly request that the Court stay all operative deadlines in this Action for three months.

Dated: March 13, 2025

Respectfully submitted,

By: /s/ *Steven J. Buttacavoli*

By: /s/ *Sarah Eichenberger*

**BERMAN TABACCO**
Patrick T. Egan (*pro hac vice*)
Steven J. Buttacavoli (*pro hac vice*)
Justin N. Saif (pro hac vice)
Christina L. G. Fitzgerald (*pro hac vice*)
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: pegan@bermantabacco.com
sbuttacavoli@bermantabacco.com
jsaif@bermantabacco.com
cfitzgerald@bermantabacco.com
*Counsel for Lead Plaintiff Oklahoma Police Pension and Retirement System and Lead Counsel for the Proposed Class*

and

**COHEN & MALAD, LLP**
Scott D. Gilchrist, No. 16720-53
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 214-0321
Facsimile: (317) 636-2593
Email: sgilchrist@cohenandmalad.com
*Liaison Counsel for Lead Plaintiff*

**KATTEN MUCHIN ROSENMAN LLP**
Michael J. Diver (*pro hac vice*)
Michael J. Lohnes (*pro hac vice*)
Bora Ndregjoni (*pro hac vice*)
525 West Monroe Street Chicago, IL 60661
Telephone: (312) 902-5200
Facsimile:(312) 902-1061
Email: michael.diver@katten.com
michael.lohnes@katten.com
bora.ndregjoni@katten.com
Sarah Eichenberger (*pro hac vice*)
50 Rockefeller Plaza
New York, NY 10020
Telephone: (212) 940-8800
Email: sarah.eichenberger@katten.com

**FROST BROWN TODD LLC**
Darren A. Craig, Atty. No. 25534-49
111 Monument Circle, Suite 4500
Indianapolis, IN 46204
Tel.: (317) 237-3800
Fax: (317) 237-3900
Email: dcraig@fbtlaw.com
*Lead Counsel for Defendants Inotiv, Inc., Robert W. Leasure, Beth A. Taylor, John E. Sagartz, DVM, Ph.D., DACVP, and Carmen Wilbourn*

3

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2025, a copy of this motion was filed electronically and served on all counsel of record through the electronic filing system.

>                               */s/ Steven J. Buttacavoli*
>                               Steven J. Buttacavoli