**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | |
|---|---|
| In re: INOTIV, INC. SECURITIES LITIGATION | Case No. 4:22-cv-00045-PPS-JEM |

## JOINT MOTION TO EXTEND STAY OF DISCOVERY AND OTHER PROCEEDINGS

1.      The Parties in the above-captioned action (the "Action") hereby file this Joint Motion to Extend Stay of Discovery and Other Proceedings.  As grounds therefore, the Parties state as follows:

2.      On April 29, 2024, the Court issued a Scheduling Order establishing certain case management deadlines and otherwise approving and adopting all other dates and deadlines through the close of discovery set forth in the Rule 26(f) Report of Parties' Planning Meeting (the "Original Scheduling Order").  ECF No. 82.  On December 9, 2024, the Court issued an Order amending the Scheduling Order (the "Amended Scheduling Order").  ECF No. 95.

3.      The original Scheduling Order required the Parties to participate in a mediation, imposing a deadline of January 6, 2025 to select a mediator, and a deadline of January 22, 2026 to complete mediation and file a report with the Court.  ECF No. 82.

4.      Consistent with the Court's Scheduling Order, the Parties attended an in-person mediation on February 24, 2025.  While this Action did not settle during the mediation, the Parties have continued to explore a resolution short of trial.

5.      On March 13, 2025, the Parties filed a Joint Motion to Stay Discovery and Other Deadlines, seeking a further stay of proceedings pending ongoings settlement efforts.  ECF No.

1

99. On March 17, 2025, the Court issued an Order that, *inter alia*, stayed all proceedings in this Action through July 1, 2025 (the "Stay Order"). ECF No. 100.

6. Since that time, the Parties, with the assistance of a mediator, have had several additional discussions regarding a potential resolution. That process, which has involved parallel discussions among certain Inotiv stakeholders, has been complex and time-consuming. Although the Parties had hoped to complete discussions by July 1, 2025, there are outstanding issues that the Parties must address before concluding the mediation process. Accordingly, while the Parties intend to work expeditiously towards a resolution, they respectfully request a modest 45-day extension of the stay in which to complete their discussions.

7. District Courts have inherent power to stay proceedings based upon principles of fairness and judicial economy. *Barney v. Zimmer Biomet Holdings.*, 2018 WL 11407332, at *2 (N.D. Ind. Aug. 21, 2018). In determining whether to grant a stay, courts may consider a number of factors, including: "(i) whether a stay will unduly prejudice" either party, "(ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Id.*

8. The Parties respectfully submit that good cause exists to grant a modest extension of the stay of proceedings for at least three reasons. First, neither Party will be prejudiced by the extension. Rather, this brief extension will enable the Parties to conserve their respective resources and continue to work toward reaching a resolution short of trial, negotiations that the Parties hope to conclude within the 45-day extension period. Second, the extension promotes judicial economy by reducing the burden on this Court. Third, the Parties are acting with diligence in filing this joint motion before the existing deadlines come to pass. *See Saratoga Potato Chips Co. v. Classic Foods, Inc.*, 2014 WL 2930495, at *3 (N.D. Ind. June 27, 2014) (describing good cause analysis

2

as including consideration of whether, unlike here, a party is acting with a "dilatory motive" or to engage in "undue delay") (internal citation omitted).

9.    The Parties therefore respectfully request a 45-day extension of the stay of all discovery and other pending deadlines in this Action.

10.    Should the Court require further information from the Parties on these matters, the Parties request the opportunity to appear via telephonic conference call to help minimize the Parties' costs.

WHEREFORE, the Parties jointly request that the Court extend its current stay of all operative deadlines in this Action for 45 days.

Dated: June 25, 2025

By: */s/ Christina L. G. Fitzgerald*

**BERMAN TABACCO**
Patrick T. Egan (*pro hac vice*)
Steven J. Buttacavoli (*pro hac vice*)
Justin N. Saif (*pro hac vice*)
Christina L. G. Fitzgerald (*pro hac vice*)
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: pegan@bermantabacco.com
        sbuttacavoli@bermantabacco.com
        jsaif@bermantabacco.com
        cfitzgerald@bermantabacco.com

*Counsel for Lead Plaintiff Oklahoma Police Pension and Retirement System and Lead Counsel for the Proposed Class*

and

**COHEN & MALAD, LLP**

Respectfully submitted,

By: /s/ *Michael J. Diver*

**KATTEN MUCHIN ROSENMAN LLP**
Michael J. Diver (*pro hac vice*)
Michael J. Lohnes (*pro hac vice*)
Bora Ndregjoni (*pro hac vice*)
525 West Monroe Street Chicago, IL 60661
Telephone: (312) 902-5200
Facsimile:(312) 902-1061
Email: michael.diver@katten.com
        michael.lohnes@katten.com
        bora.ndregjoni@katten.com
Sarah Eichenberger (*pro hac vice*)
50 Rockefeller Plaza
New York, NY 10020
Telephone: (212) 940-8800
Email: sarah.eichenberger@katten.com

**FROST BROWN TODD LLC**
Darren A. Craig, Atty. No. 25534-49
111 Monument Circle, Suite 4500
Indianapolis, IN 46204
Tel.: (317) 237-3800

3

Scott D. Gilchrist, No. 16720-53
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 214-0321
Facsimile: (317) 636-2593
Email: sgilchrist@cohenandmalad.com

*Liaison Counsel for Lead Plaintiff*

Fax: (317) 237-3900
Email: dcraig@fbtlaw.com

*Lead Counsel for Defendants Inotiv, Inc.,*
*Robert W. Leasure, Beth A. Taylor, John E.*
*Sagartz, DVM, Ph.D., DACVP, and Carmen*
*Wilbourn*

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2025, a copy of this motion was filed electronically and served on all counsel of record through the electronic filing system.

*/s/ Christina L. G. Fitzgerald*
Christina L. G. Fitzgerald