**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

|  |  |
|---|---|
| *In re* INOTIV, INC. SECURITIES LITIGATION | Case No. 4:22-cv-00045-PPS-JEM |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF (I) LEAD
PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
AND PLAN OF ALLOCATION AND FOR CERTIFICATION OF THE SETTLEMENT
CLASS; AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS'
FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND
AWARD TO LEAD PLAINTIFF PURSUANT TO 15 U.S.C. § 78u 4(A)(4)**

**TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT.................................................................................1

II.     ARGUMENT .........................................................................................................3

     A.  The Reaction of the Settlement Class Strongly Supports Approval of the
          Settlement and the Plan of Allocation.......................................................3

     B.  The Settlement Class's Reaction Also Strongly Supports Approval of Lead
          Counsel's Fee and Expense Requests ......................................................4

III.    CONCLUSION......................................................................................................5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Camp Drug Store, Inc. v. Cochran Wholesale Pharm., Inc.*,
No. 16-CV-488-SMY-RJD, 2017 WL 5724208 (S.D. Ill. Apr. 26, 2017)................................... 3

*Dietrich v. C.H. Robinson Worldwide, Inc.*,
No. 18-CV-04871, 2023 WL 12226021 (N.D. Ill. May 31, 2023) ............................................. 3

*Fryman v. Atlas Fin. Holdings, Inc.*,
No. 1:18-CV-01640, 2023 WL 6536967 (N.D. Ill. Sept. 6, 2023)............................................. 4

*Great Neck Cap. Appreciation Inv. P'ship, L.P. v. PricewaterhouseCoopers, L.L.P.*,
212 F.R.D. 400 (E.D. Wis. 2002).............................................................................................. 3

*In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*,
789 F. Supp. 2d 935 (N.D. Ill. 2011)........................................................................................ 4

*In re Signet Jewelers Ltd. Sec. Litig.*,
No. 1:16-CV-06728-CM-SDA, 2020 WL 4196468 (S.D.N.Y. July 21, 2020) .......................... 3

*Schulte v. Fifth Third Bank*,
805 F. Supp. 2d 560 (N.D. Ill. 2011)........................................................................................ 4

*Silverman v. Motorola Sols., Inc.*,
739 F.3d 956 (7th Cir. 2013) ................................................................................................ 3, 5

*Wong v. Accretive Health, Inc.*,
773 F.3d 859 (7th Cir. 2014)................................................................................................... 3

**Statutes**

15 U.S.C. § 78u-4(A)(4) .......................................................................................................... 3

28 U.S.C. § 1715...................................................................................................................... 4

**Rules**

Fed. R. Civ. P. 23(e); and (ii) ................................................................................................. 3

In accordance with the Court's October 3, 2025 Order Preliminarily Approving Settlement and Providing for Class Notice (ECF No. 112, the "Preliminary Approval Order"), Lead Plaintiff Oklahoma Police Pension and Retirement System ("Oklahoma Police" or "Lead Plaintiff"), on behalf of itself and the Settlement Class, respectfully submits this Reply Memorandum of Law in Further Support of Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation and Certification of Settlement Class (ECF No. 113, the "Final Approval Motion").[1] Lead Counsel also submit this reply in further support of Lead Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Award to Lead Plaintiff Pursuant to 15 U.S.C. § 78u-4(a)(4) (ECF No. 115, the "Fee Motion," together with the Final Approval Motion, the "Motions").

## I.   PRELIMINARY STATEMENT

Lead Plaintiff and Lead Counsel are pleased to advise the Court that there has been a resoundingly positive reaction from the Settlement Class to the proposed $8.75 million Settlement and Plan of Allocation and the request for attorneys' fees, reimbursement of litigation expenses, and award to Oklahoma Police. There are no objections to any aspect of the Settlement and no opposition to the Motions. There also have been no requests for exclusion from the Settlement Class. Accordingly, for the reasons set forth herein and in the Motions and supporting papers filed therewith on December 23, 2024 (*see* ECF Nos. 113-117, the "Opening Papers"): (i) the Settlement should be approved as fair, reasonable and adequate under Fed. R. Civ. P. 23(e); and (ii) Lead

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Stipulation and Agreement of Settlement (with attachments thereto), dated September 25, 2025 (ECF No. 110-1, the "Stipulation"), or in the Declaration of Steven J. Buttacavoli in Support in Support of (I) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation and Certification of the Settlement Class, and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses and Award to Lead Plaintiff Pursuant To 15 U.S.C. § 78u-4(A)(4) (ECF No. 117).

Counsel's request for attorneys' fees, litigation expenses, and award to Oklahoma Police should be approved.

In accordance with the Preliminary Approval Order, the Court-appointed Claims Administrator, Angeion Group ("Angeion"), disseminated 16,235 copies of the Notice to potential Settlement Class Members or their nominees.[2]  The Notice informed recipients of, among other things, the essential terms of the Settlement, the Plan of Allocation, and Lead Counsel's intent to apply to the Court for attorneys' fees not to exceed 25% of the Settlement Fund and reimbursement of Litigation Expenses not to exceed $120,000, and a $7,500 reimbursement to Oklahoma Police.  In addition, the Notice—along with copies of the Opening Papers—was made available on the case-specific website established for the Settlement, https://InotivSecuritiesSettlement.com, and the Summary Notice was published in *Investor's Business Daily* and transmitted over the *PR Newswire*.[3]  Lead Counsel also has been informed that notice of the Settlement was provided by Defendants to the Attorney General of the United States and the "appropriate State official" of each state pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, on or about October 3, 2025.

Pursuant to the Preliminary Approval Order, and as stated in the Notice and on the settlement website, the deadline for objections and requests for exclusion was January 6, 2026. Following the extensive, Court-approved program for providing Notice to the Settlement Class, ***not a single member of the Settlement Class has objected to any aspect of the Settlement, the***

---

[2] *See* Supplemental Declaration of Dawn M. Cody Regarding: (A) Mailing and Emailing of Notice; (B) Report on Requests for Exclusion and Objections; and (C) Claims Received to Date ("Supp. Cody Decl."), ¶ 4, attached as Exhibit 1 hereto.  *See also* ECF No. 117-1 at ¶ 12.

[3] *See* Supp. Cody Decl. ¶ 8; *see also* ECF No. 117-1 at ¶¶ 13, 15.

***Plan of Allocation, or the requested attorneys' fees and Litigation Expenses***. Further, ***not a single member of the Settlement Class has requested exclusion from the Settlement Class***.

The Settlement Class's reaction is powerful evidence that confirms the fairness, reasonableness, and adequacy of the Settlement, the Plan of Allocation, and Lead Counsel's request for attorneys' fees and expenses.

## II.    ARGUMENT

### A.    The Reaction of the Settlement Class Strongly Supports Approval of the Settlement and the Plan of Allocation

The reaction of a class to a settlement is an important factor in assessing the fairness and adequacy of the Settlement. *See Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014) (the "amount of opposition to the settlement" and "reaction of members of the class to the settlement" are among the factors to consider in the court's evaluation of a class settlement); *Great Neck Cap. Appreciation Inv. P'ship, L.P. v. PricewaterhouseCoopers, L.L.P.*, 212 F.R.D. 400, 410 (E.D. Wis. 2002) ("A favorable reception by the class is evidence of the fairness of a proposed settlement"). Here, the fact that there are ***no*** objections from Settlement Class Members strongly supports a finding that the Settlement is fair, reasonable, and adequate. *See Dietrich v. C.H. Robinson Worldwide, Inc.*, No. 18-CV-04871, 2023 WL 12226021, at *1 (N.D. Ill. May 31, 2023) ("[n]o objections to the Settlement were made by the Class Members, and this fact [] supports approval."); *Camp Drug Store, Inc. v. Cochran Wholesale Pharm., Inc.*, No. 16-CV-488-SMY-RJD, 2017 WL 5724208, at *2 (S.D. Ill. Apr. 26, 2017) ("The lack of opposition from any settlement class member also militates in favor of settlement."), aff'd, 897 F.3d 825 (7th Cir. 2018). Moreover, in the context of a securities class action settlement like this one, the absence of objections from institutional investors that have ample means and incentive to object to a settlement that they believe is unsatisfactory is further evidence of the Settlement's fairness. *See,*

3

*e.g.*, *Silverman v. Motorola Sols., Inc.*, 739 F.3d 956, 959 (7th Cir. 2013) (noting fact that no institutional investors protested); *In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-CV-06728-CM-SDA, 2020 WL 4196468, at \*6 (S.D.N.Y. July 21, 2020) ("the absence of objections by [institutional investors] is further evidence of the fairness of the Settlement.").

Likewise, the fact that **no** requests for exclusion were received from Settlement Class Members following the mailing and emailing of 16,235 copies of the Notice to potential Settlement Class Members and the dissemination of the Summary Notice further supports approval of the Settlement. *See Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 586 (N.D. Ill. 2011) (approving a settlement where "a very small percentage of affected parties have opposed the settlement," noting 342 class members excluded themselves); *In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*, 789 F. Supp. 2d 935, 965 (N.D. Ill. 2011) (noting fact that "only a tiny fraction of the Class Members saw fit to opt out or to object . . . supports approval").

As discussed in the Opening Papers, just like the Settlement as a whole, the Plan of Allocation must be fair, reasonable, and adequate. The absence of objections to the proposed Plan of Allocation of Settlement proceeds similarly warrants final approval of the Plan of Allocation. *See Fryman v. Atlas Fin. Holdings, Inc.*, No. 1:18-CV-01640, 2023 WL 6536967, at \*4 (N.D. Ill. Sept. 6, 2023) (noting "there were no objection[s] to the Plan of Allocation" and concluding that the Plan of Allocation was "fair and reasonable to the Settlement Class"). The Settlement Class's reaction here therefore provides strong support for final approval of the Plan of Allocation.

B.     **The Settlement Class's Reaction Also Strongly Supports Approval of Lead Counsel's Fee and Expense Requests**

As is true with the Settlement, **not a single** Settlement Class Member objected to Lead Counsel's Fee Motion. The fact that there are no objections is strong evidence that the requested amount of fees and expenses is reasonable. *See S*pano v. The Boeing Co*.*, No. 06-CV-743-NJR-

4

DGW, 2016 WL 3791123, at \*1 (S.D. Ill. Mar. 31, 2016) ("This Court finds the lack of any significant number of objections to be a sign of the Class's overwhelming support for Class Counsel's request."). Additionally, as with approval of the Settlement, the lack of any objections by institutional investors particularly supports approval of the fee request. *See*, *e.g.*, *Silverman*, 739 F.3d 956, 959 (7th Cir. 2013) (affirming fee award and noting that no institutional investors objected to the fee request in the district court). Lead Counsel's request for attorneys' fees, reimbursement of litigation expenses, and reimbursement to Oklahoma Police should therefore be granted.

## III.    CONCLUSION

For the reasons set forth above and as set forth in greater detail in the Opening Papers, Lead Plaintiff and Lead Counsel respectfully request that the Court grant the Motions and approve: (i) the Settlement; (ii) the Plan of Allocation; and (iii) Lead Plaintiff's Counsel's request for attorneys' fees and Litigation Expenses.

Dated: January 16, 2026

Respectfully Submitted,

*/s/ Steven J. Buttacavoli*

**BERMAN TABACCO**
Patrick T. Egan (*pro hac vice*)
Steven J. Buttacavoli (*pro hac vice*)
Justin N. Saif (*pro hac vice*)
Christina L. G. Fitzgerald (*pro hac vice*)
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: pegan@bermantabacco.com
    sbuttacavoli@bermantabacco.com
    jsaif@bermantabacco.com
    cfitzgerald@bermantabacco.com

5

*Counsel for Lead Plaintiff Oklahoma Police Pension and Retirement System and Lead Counsel for the Proposed Settlement Class*

and

**COHENMALAD, LLP**
Scott D. Gilchrist, No. 16720-53
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 214-0321
Facsimile: (317) 636-2593
Email: sgilchrist@cohenandmalad.com

*Liaison Counsel for Lead Plaintiff and the Proposed Settlement Class*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on this 16th day of January, 2026, a true and correct copy of the foregoing document was served on all counsel of record through the Court's CM/ECF system.

Dated: January 16, 2026                         */s/ Steven J. Buttacavoli*
                                                 Steven J. Buttacavoli

6